No. 15,697.

## HINKLE v. THE STATE.

CRIMINAL LAW.—*Assault and Battery.—Jurisdiction.—Circuit Courts.*—The act of March 9, 1889 (Acts 1889, p. 363), which provides that upon conviction of assault and battery, in the courts named in the section, the punishment shall be as therein stated, does not deprive the circuit court of jurisdiction of the offence.

SAME.—*Unreasonable Punishment of Child.—Verdict.—Review on Appeal.*—On a prosecution of a father for an assault and battery on his child, it appeared that the father chained his fourteen-year-old child to a sewing-machine, and left her thus alone in the house with her infant brother during the day.

*Held,* that a verdict that the punishment was unreasonable and unlawful, will not be disturbed on appeal.

From the Hamilton Circuit Court.

*E. F. Ritter, G. Shirts* and *M. Vestal,* for appellant.

*A. G. Smith,* Attorney General, *D. W. Patty,* Prosecuting Attorney, *T. J. Kane* and *T. P. Davis,* for the State.

OLDS, C. J.—The appellant was indicted by the grand jury at the November term, 1889, of the Hamilton Circuit Court, for assault and battery upon one Edith Hinkle.

The appellant filed an answer in abatement, challenging the jurisdiction of the circuit court on the ground of the ap-

pellant being the father of the said Edith Hinkle, and at the time of the alleged assault and battery she was about twelve years of age, and was under the custody of her father, the appellant.

It is contended that in such cases the circuit court has no jurisdiction, the jurisdiction having been conferred on justices of the peace, mayors, police judges, and criminal courts by virtue of section 1, of an act approved March 9, 1889. Acts of 1889, p. 363.

A demurrer was filed to this answer and sustained.

In this there was no error. The circuit court has jurisdiction of prosecutions for assault and battery, and the section of the statute referred to does not attempt to deprive the circuit court of such jurisdiction. Indeed said section of the statute does not even confer or attempt to confer jurisdiction of the misdemeanor defined in it on the courts named in the section, but simply provides that upon conviction in such courts the punishment shall be as stated in the section. If the courts named therein do not have jurisdiction of the misdemeanor defined and created independent of the section, it may well be doubted whether such section gives the courts therein named jurisdiction in such prosecutions. If jurisdiction is created by the section it is by mere inference; certainly no jurisdiction of the circuit court is taken or attempted to be taken from it.

The appellant was convicted, and he filed a motion for a new trial, which was overruled, and he excepted and assigns the ruling as error.

The first contention is that the verdict is not sustained by sufficient evidence. We have read and considered the evidence, and we think no good would be accomplished by setting it out in the opinion or by giving a lengthy synopsis of it. It relates to the treatment of a little girl, about twelve years old, by her father fastening her to a sewing-machine by a chain attached to the girl's ankle, and allow-

ing her to remain chained during the day except at meal times and unloosing her at bedtime.

The fact as to the treatment of the child became known ; the city officers were informed of it, and she was released by them.   When found she was thus chained in the house with her little brother about two or three years old, there being no older person at the house, the father (the appellant) was absent at his work, and his wife, the mother of the little boy and the step-mother of the little girl, was at the time absent at a neighbors.   It is contended on behalf of the appellant that the child was incorrigible ; that he had punished her in other ways, resulting in no good, and he resorted to this method of punishment to work a reformation in her.   If there is evidence tending to support the verdict of the jury, under the long line of decisions of this court we can not disturb it.   That there is evidence tending strongly to support the verdict can not be questioned.   The father has the right to administer proper and reasonable chastisement to his child without being guilty of an assault and battery, but he has no right to administer unreasonable chastisement or to be guilty of cruel and inhuman treatment of his child, and if he does administer unreasonable chastisement and treats the child cruelly and inhumanly his acts become unlawful, and if they are such as to constitute an assault and battery, he may be prosecuted and convicted.

The law has very wisely left it for the court or jury trying the case to determine whether the chastisement is reasonable and lawful or unreasonable and unlawful, and when they have passed upon the acts and found them to be unwarranted, unreasonable and unlawful, this court will not disturb the verdict or finding if there be evidence to sustain it.   And, as we have said, the evidence in this case clearly supports the verdict.   Indeed, it is a case in which this court feels more like commending than condemning the verdict.   Parents bringing children into the world owe to them and to the community the duty of caring for and properly

training them in infancy and curbing the evil tendencies at a time and at an age when it can be done without resorting to excessive punishment and cruel and inhuman treatment, and if the parent neglects the proper training of his child and permits it to go unrestrained until its vicious habits are so fixed as not to yield to reasonable chastisement, it is his duty to adopt some other method for the reformation of his child than brute force and abuse. Indeed, it is questionable whether the latter does not tend rather to engender malice and develop a malignant spirit in a child than an obedient and kindly disposition.

It is next contended that the court erred and was guilty of an abuse of discretion in refusing to allow a change of venue from the county. This motion was submitted on affidavits and counter-affidavits, and we can not say that there was any abuse of discretion.

The mode by which the jury arrived at a verdict, the facts relating to the association and boarding place of a juror during the trial, and that the punishment is excessive, are each set out as causes for a new trial. We have examined these questions and think they constitute no cause for a reversal of the judgment.

Judgment affirmed, with costs.

Filed Feb. 5, 1891; petition for a rehearing overruled March 20, 1891.