HORNBECK v. THE STATE.

[No. 2,149.    Filed December 17, 1896.]

PARENT AND CHILD.—*Excessive Punishment of Child.*—*Assault and Battery.*—A parent has the right to administer proper and reasonable chastisement to his child, without being guilty of assault and battery, but excessive, unreasonable, or cruel punishment is unlawful. Whether the punishment inflicted is excessive or cruel is a question for the jury.

From the Greene Circuit Court. *Affirmed.*

*Emerson Short, S. W. Axtell* and *Seymour Riddle,* for appellant.

*W. A. Ketcham,* Attorney-General, *C. D. Hunt, Merrill Moores* and *W. H. Bridwell,* for State.

LOTZ, C. J.—The appellant was indicted and convicted of the crime of assault and battery in the court below.

The only assignment of error presented for our consideration on this appeal is the overruling of appellant's motion for a new trial. The other errors assigned are waived.

It is insisted that the verdict of the jury is contrary to the law and not supported by sufficient evidence. The assault and battery was committed upon the person of the appellant's own son, a lad of thirteen years, by striking him a number of times with a buggy whip. The boy was disobedient and the parent administered the punishment for the purpose of correcting him.

The appellant's contention is that it was lawful for him to correct his son and punish him for the disobedience, and that the punishment was neither excessive nor cruel.

The law is well settled that a parent has the right to administer proper and reasonable chastisement to his child without being guilty of an assault and battery; but he has no right to administer unreasonable or cruel and inhuman punishment. If the punishment is excessive, unreasonable, or cruel it is unlawful. The mere fact that the punishment was administered by the appellant upon the person of his own child will not screen him from criminal liability. Whether or not the punishment inflicted in this case was excessive or cruel was a question for the jury. *Hinkle* v. *State*, 127 Ind. 490.

The evidence in this case fully sustains the verdict.

Judgment affirmed.