**Thaddeus GADACZ, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 980S370.

Supreme Court of Indiana.

Oct. 6, 1981.

 

Don G. Blackmond, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Conspiracy to Commit Armed Robbery under Ind.Code § 35–41–5–2 (Burns 1979) and Robbery While Armed with a Deadly Weapon, Ind.Code § 35–42–5–1 (Burns 1979) and sentenced to concurrent fifteen (15) year terms of imprisonment. The appeal presents the following issues:

(1) Whether the trial court erred in permitting the State to introduce evidence of an inculpatory incident which occurred outside the time frame fixed for the conspiracy to have transpired?

(2) Whether the trial court erred in overruling Defendant's motion in limine to preclude the State from calling a co-conspirator as a witness, with knowledge that she would invoke her Fifth Amendment rights?

(3) Whether the trial court erred in admitting certain evidence over his objection that there had been no foundation laid linking it to him?

(4) Whether the trial court erred in refusing to give Defendant's tendered instruction advising that accomplice testimony should be highly scrutinized?

(5) Whether the trial court erred in denying Defendant's request to be let to bail pending appeal?

\*     \*     \*     \*     \*     \*

## ISSUE I

Defendant contends that it was error for the trial court to have admitted, over his objection, testimony that he and his alleged co-conspirator, Washington, had solicited the witness to participate in the robbery which was the subject of the conspiracy. The basis for the objection was that the time of the solicitation predated, by approximately one week, the beginning date of the time frame for the conspiracy, as fixed by the alibi notice and information.

It is Defendant's position that the State must be held strictly to evidence of occurrences within the time frame as fixed by the pleadings, but we disagree and hold that this is a matter over which the trial court has broad discretion. *Wallace v. State,* (1981) Ind., 426 N.E.2d 34.

An alibi defense does not necessarily compel the State to limit its response to that time answered by the alibi. The State retains flexibility in presenting relevant evidence as part of the res gestae that yet does not coincide with the alibi notices and charging information. *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042, *cert. denied,* (1978) 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. Testimony of events, although they occurred outside the time frame fixed for the alleged conspiracy may, nevertheless tend to prove a fact in issue having probative value outweighing any prejudicial impact. This is particularly so where circumstances and statements are substantially contemporaneous with the crime charged. We note that the trial court could reasonably have found that there was substantial evidence that Dockery's testimony of events remote to the established time frame was relevant and admissible as tending to prove criminal activity within the time frame.

As Chief Justice Arterburn aptly stated in discussing potential prosecution error under the alibi statute:

"If the (error) complained of did not mislead the accused in the preparation or maintenance of his defense * * * then reversal is not required." *Monserrate v. State,* (1976) 265 Ind. 153, 159, 352 N.E.2d 721, 725.

The record reveals that Appellant was not misled or hampered in the preparation of his defense. Defendant was notified that Dockery would be a State's witness and knew why he was to be called, and we find no error in the admission of such evidence.

## ISSUE II

Conchita Washington, a convicted co-conspirator, was listed by the State as a witness. Defendant thereupon filed a motion in limine to preclude the State from calling her because of undue prejudicial impact. Defendant contends that the trial court committed reversible error when it granted the motion in part and prohibited only the offer of evidence of her conviction. The State called the witness, at which time the Defendant renewed his objection to her being called at all. The witness asserted her Fifth Amendment rights and was excused. She had earlier been identified at trial as a co-conspirator.

The State knew that this witness would invoke the Fifth Amendment in the presence of the jury. Thus, it was something of a "harpoon" for the State to have called her. However, although we look with disfavor upon such prosecutorial conduct, we cannot say that the court erred in permitting the witness to be called. The Fifth Amendment is a right personal to the witness. The defendant was entitled to an admonishment that the witness' exercise of Fifth Amendment rights was not to be considered as evidence of the Defendant's guilt. *Gurley v. State,* (1976) 264 Ind. 552, 348 N.E.2d 16. In the absence of such a motion, the court did not commit an error.

## ISSUE III

Defendant next contends that the trial court, over his proper objection, admitted State's Exhibit No. G–41 into evidence without a proper foundation therefor having been laid. Exhibit G–41 is a calendar-memorandum book which contained some notations relating to certain dates in March. The book was found during a search of a station wagon which had been driven by, but not owned by, the Defendant.

Defendant's sister, the owner of the automobile, testified that Gadacz had had exclusive use of the vehicle, and co-conspirator Hursey testified that it was the one which had been driven by the defendant as the getaway car. Although there was no testimony as to whether Defendant's handwrit-

ing matched that upon the book, the minimal requirements of authentication and foundation connecting it with the defendant and the crime were satisfied. *Hill v. State*, (1978) Ind., 371 N.E.2d 1303.

## ISSUE IV

 Defendant contends that the trial court should have given the following tendered instruction:

"You are instructed that the fact that an accomplice who turns state's evidence and agrees to co-operate with the State in consideration of leniency does not render his testimony false. It is, however, highly suspect. Because of the pressure of such influence, you should highly scrutinize such testimony given by an accomplice."

This language was taken from *Newman v. State*, 263 Ind. 569, 334 N.E.2d 684, 686, and Defendant argues that this tendered instruction correctly states the law and covers matters left unaddressed by the court.

The quoted language from *Newman* was simply an acknowledgment of the suspect nature of such testimony and the consequent necessity for the jury to be apprized of the circumstances that induced it. The gist of the statement was not there utilized as an instruction, nor have such instructions been countenanced by this Court. *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228.

## ISSUE V

Defendant next contends that the trial court erred in denying him an opportunity to be released on bond pending appeal.

Entitlement to release on bond pending appeal is determined at the time release is sought. *State ex rel. Dorton v. Circuit Court of Elkhart County*, (1980) Ind., 412 N.E.2d 72. Defendant's rights, therefore, were governed by Ind.Code § 35–4–6–1.5 (Burns 1979), which does not permit bail pending appeal from conviction. The bail statute in effect at the time of Defendant's conviction and not the one in effect at the time of his arrest governed the matter; and proceeding in accordance with its terms was not a violation of the ex post facto prohibitions of our state and federal constitutions. *State ex rel. Dorton, supra.*

Additionally, an appellant's entitlement to be let to bail is a moot issue on the appeal of his conviction.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.