Desmond L. SMITH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–985A250.

Court of Appeals of Indiana,
Fourth District.

Feb. 24, 1986.
Rehearing Denied May 5, 1986.

Grant W. Hawkins, Samper, Hawkins, Atz & Greuling, Indianapolis, for appellant.

Linley Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Desmond L. Smith was convicted of battery, a Class A misdemeanor. On appeal, he argues:

    1. The evidence was insufficient to support conviction; and

    2. His due process rights were violated in that he was convicted of battering his child despite the parental authority afforded by IND.CODE 35–41–3–1. We affirm.

In reviewing a claim of insufficient evidence, we may neither reweigh the evidence nor assess the credibility of witnesses. We will examine only the evidence favoring the judgment, together with the reasonable inferences therefrom. If substantial evidence of probative value supports the conclusion that the defendant is guilty beyond a reasonable doubt, the verdict will not be set aside. *Harris v. State* (1985), Ind., 480 N.E.2d 932.

    The evidence supporting the judgment in this case indicates that on November 29, 1984, Smith's fifteen-year-old daughter, Lamia, received a report card containing three failing grades. While she was attempting to explain her poor marks, Smith removed a belt from a drawer and swung it across her face, hitting her ear and arm. He then ordered her to remove her pants and stockings and place her hands on a dresser. When she complied, he struck her repeatedly on her buttocks with the belt. Lamia testified, "[H]e was hitting me so hard that I couldn't take the pain no more so I put my hand behind my butt and he started hitting my arms and legs too."[1] Although Lamia cried and asked Smith to stop, he continued to beat her in this fashion for approximately ten minutes. Lamia was struck approximately fifteen times and suffered a facial laceration plus numerous contusions on her buttocks, arms, legs and shoulder.

Smith does not deny the fact of this beating but, rather, argues his conduct should be protected under IC 35–41–3–1. That section provides: "A person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." The defense of legal authority has been construed to include reasonable parental discipline which would otherwise constitute battery. Thompson, Commentary on IC 35–41–3–1, West's AIC (1978), at 165.

    In order to qualify as a defense, however, parental discipline must be reasonable and not cruel or excessive. *Hinkle v. State* (1891), 127 Ind. 490, 26 N.E. 777; *Hornbeck v. State* (1896), 16 Ind.App. 484, 45 N.E. 620. The duration and intensity of the beating in this case, together with the numerous wounds evident in the photographs of the victim contained in the record, sufficiently support the trial court's determination that Smith's "parental discipline" was unreasonable and therefore beyond the bounds of his legal authority.

1. R. at 40.

Smith also contends the evidence is insufficient to show he struck Lamia with a belt buckle as charged in the information. This argument ignores the testimony of Officer Brown that shortly after the incident Lamia said she was struck with a belt buckle. The trial court, therefore, reasonably could have believe that when Lamia testified she was struck with a belt, she was using that word in its general sense to include the buckle. Smith's argument in this regard is without merit.

■ Appellant next contends his constitutional right to due process was violated by the fact of his prosecution. He reasons that "a parent who corporally punishes his child literally *cannot* commit *misdemeanor* battery because that parent has license to rudely, insolently and angrily touch the child even if bodily injury, but not serious bodily injury, results." Smith cites no cases to support his contention.

■ The concept of legal authority does not, as Smith contends, authorize a parent to inflict injury upon his child in any manner so long as serious bodily injury does not result. The scope of authorized parental punishment is not so broad. A parent must not only avoid inflicting serious bodily injury upon his child, but must also avoid any physical punishment which is excessive or cruel. As this court explained some time ago:

> The law is well settled that a parent has the right to administer proper and reasonable chastisement to his child without being guilty of an assault and battery; but he has no right to administer unreasonable or cruel and inhuman punishment. If the punishment is excessive, unreasonable, or cruel it is unlawful. The mere fact that the punishment was administered by the appellant upon the person of his own child will not screen him from criminal liability.

*Hornbeck,* 45 N.E. at 620. Noting these principles, our Supreme Court in *Hinkle, supra,* affirmed the battery conviction of a father who kept his twelve-year-old daughter chained to a sewing machine, loosening her only for meals and at bed-time. Under appellant's theory, such a conviction would be improper since there was apparently no evidence of serious bodily injury. His theory is equally untenable under the facts of this case which reveal that Smith cruelly beat his daughter.

■ Alternatively, Smith argues he was denied due process because the misdemeanor battery statute and the statute recognizing parental authority to punish a child are unconstitutionally vague. He reasons that the statutes failed to fairly advise him of the limits of authorized punishment.

A statute is unconstitutionally vague if "men of common intelligence must necessarily guess at its meaning and differ as to its application." *Wallman v. State* (1981), Ind.App., 419 N.E.2d 1346, 1349 (*quoting Baggett v. Bullitt* (1964), 377 U.S. 360, 367, 84 S.Ct. 1316, 1320, 12 L.Ed.2d 377). The vagueness of a statute not involving First Amendment freedoms must be assessed in view of the particular facts at hand. *Davis v. State* (1985), Ind.App., 476 N.E.2d 127, 130 (*quoting United States v. Mazurie* (1975), 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706). In order to prevail, therefore, Smith must show that a man of common intelligence would not know the beating he gave his daughter exceeded the bounds of legal authority.

The record reveals Smith initially struck Lamia with a belt on her face and arm. He then inflicted approximately fifteen blows to her buttocks, arms and legs during a beating which lasted approximately ten minutes. Lamia suffered numerous contusions and a facial laceration. No reasonable person of ordinary intelligence would have difficulty determining that this conduct was excessive and not protected parental discipline.

Having found no error, we affirm.

MILLER and CONOVER, JJ., concur.