Danny E. TUCKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 20S00–8802–CR–193.

Supreme Court of Indiana.

March 10, 1989.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of the crime of Delivery of Cocaine, a Class A felony, for which he received a sentence of forty (40) years.

During the State's case-in-chief, the prosecutor called a witness, James Eller, who was a confederate of appellant in the charged crime. When the clerk administered the oath, Eller refused to take it. When the court ordered Eller to take the oath and he refused, he was held in contempt. This was done over the strenuous objection of appellant's counsel. Appellant's counsel then moved for the court to instruct the jury to disregard the event, but the court refused to so instruct the jury.

Appellant now claims this was reversible error. The State cites Ind.Code § 35–37–3–1(a) which sets out the procedure to be used when a witness refuses to be sworn to testify. The State points out that the purpose of this statute was articulated in *Aubrey v. State* (1974), 261 Ind. 692, 310 N.E.2d 556. In that case, the accomplice of a defendant was called to testify, and in the presence of the jury, invoked the Fifth Amendment. Outside the jury's presence, the witness was granted immunity. However, he again refused to testify when the jury was returned. He was subsequently held in contempt. The trial court refused to admonish the jury to disregard the assertion of the accomplice's Fifth Amendment privilege.

This Court held:

"The natural, even inevitable, inference which is raised in the jury's mind when *an alleged accomplice refuses to testify* is that the withheld testimony would be damaging, not only to the witness, but also to the defendant. Thus, the mere refusal to speak indelibly implants adverse inferences in the minds of the jurors and reaches them in a form not subject to cross-examination. Blakes refusal to testify 'may well have been the equivalent in the jury's mind of testimony.' *Douglas v. Alabama* (1965), 380 U.S. 415, 419, 85 S.Ct. 1074, 1077, 13 L.Ed.2d 934, 937." *Id.* at 695–6, 310 N.E.2d at 559.

We have previously held that when an accomplice refused to testify in the presence of the jury the defendant is entitled to have them admonished that such refusal should be disregarded. *Cox v. State* (1986), Ind., 493 N.E.2d 151; *Hovis v. State* (1983), Ind., 455 N.E.2d 577; *Pitman v. State* (1982), Ind., 436 N.E.2d 74.

In *Brewster v. State* (1983), Ind., 450 N.E.2d 507, the Court refused to apply the principles laid down in *Aubrey* for the reason that the witness was not a codefendant and had not been charged with the crime. This Court distinguished *Aubrey* and refused to reverse on that ground. However, the case at bar falls squarely within the *Aubrey* rule. The State is to be commended on being candid enough to discuss this issue in a forthright manner in their brief and submit it to this Court without recommendation.

We find the trial court erred in permitting Eller to be called before the jury when all parties knew in advance that he would invoke the Fifth Amendment. The court further erred in refusing to admonish the jury to disregard the situation.

Appellant raises another issue which we will address. He claims the evidence is insufficient to support his conviction for delivery of a controlled substance. The evidence shows that appellant was driving the vehicle in which Eller arrived at the scene and in which he made a drive around the parking lot apparently making sure the coast was clear. When he was arrested, the money from the sale was found underneath his leg as he sat in the vehicle. This evidence is sufficient to sustain appellant's conviction. *Wallace v. State* (1986), Ind., 498 N.E.2d 961.

The trial court is reversed and a new trial is ordered.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.