Scott D. TOWNSEND, Appellant-
defendant,

v.

STATE of Indiana, Appellee-plaintiff.

No. 05A02–9206–CR–266.

Court of Appeals of Indiana,
Second District.

June 29, 1993.

Rehearing Denied Aug. 9, 1993.

David C. Ford, Hartford City, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

FRIEDLANDER, Judge.

## CASE SUMMARY

Appellant-defendant Scott D. Townsend (Townsend) appeals his conviction for battery,[1] a class D felony, claiming that the State improperly charged him with two counts of battery in a single indictment, that it was error to call a codefendant to testify as a witness, that hearsay evidence was improperly admitted at trial, and that the evidence was not sufficient to support the conviction.

We affirm.

## FACTS

The facts most favorable to the judgment reveal that during the summer of 1990, Townsend and his son would occasionally stay with his girlfriend,. Angela Turney (Turney), at her apartment in Blackford County, Indiana. Turney's two-

---

1. Ind.Code 35–42–2–1 (1988).

year-old daughter Skye, and her one-year-old son, Brian, also lived there.

Several of Turney's neighbors noticed that Townsend repeatedly mistreated Skye and Brian. In one instance, Phillip Dishman (Dishman), a neighbor who lived across the way, saw Skye playing outside with Townsend's son. Townsend yelled at the children and told them to be quiet. When they refused to do so, Dishman saw Townsend grab the children by the hair, pick them up, and carry them into the apartment. On another occasion, Dishman saw Townsend grab Skye by the hair and shove her to the ground. Other neighbors overheard Townsend's threats that he was going to whip Skye with his belt.

Turney's neighbors reported Townsend's abuse when they saw Skye with raised bruises on her thigh. Helen Bennett (Bennett), who was babysitting for Skye, noticed the bruises and Skye told Bennett that Townsend had hit her with a belt.

On February 13, 1991, a grand jury indicted Townsend for committing the offense of battery upon Skye and Brian. Townsend proceeded to a jury trial, and he was found guilty of battery against Skye. The jury acquitted Townsend of battery against Brian.

### ISSUES

Townsend presents the following issues for our review:

1. Did the State improperly charge Townsend with two counts of battery in a single indictment which listed Skye and Brian as two separate victims?

2. Was it reversible error for the State to call Turney as a witness?

3. Was hearsay testimony improperly admitted?

4. Was the evidence sufficient to support Townsend's conviction for battery?

### DECISION

ISSUE ONE—Did the State improperly charge Townsend with two counts of battery in a single indictment which listed Skye and Brian as two separate victims?

PARTIES' CONTENTIONS—Townsend argues that the State erred in charging him with two counts of battery against two different victims in the same indictment. The State responds that the indictment was not defective because the evidence introduced at trial demonstrated that Townsend's acts of battery against each victim were separate and distinct.

CONCLUSION—Townsend has failed to show that charging him with committing two counts of battery in a single indictment constituted reversible error, inasmuch as he has waived the issue.

On February 13, 1991, the grand jury returned the following indictment:

"Comes now the Grand Jury, and being first duly sworn alleges and says as follows:

That during the month of August, 1990, in Blackford County, State of Indiana, Scott Townsend, a person over 18 years of age, did knowingly or intentionally touch another person, to-wit: Sky Turney and Brian Turney, who were less than 13 years of age, in a rude, insolent or angry manner; and did thereby commit Battery, a Class 'D' Felony."

*Record* at 6. After hearing the evidence, the petit jury was given four verdict forms which comprised of guilty forms and not guilty forms for the offenses against *each* of the children. *Record* at 81–82. The jury found Townsend guilty of battery against Skye, but he was acquitted of battery against Brian. *Record* at 84–85.

While Ind.Code 35–34–1–9 (1988) provides that an indictment may include more than one charge if the offenses are of the same or similar character, the charging information before us alleged that Townsend committed battery against two different individuals. As our supreme court determined in *Knopf v. State* (1882), 84 Ind. 316, "When two or more independent offences are joined in the same count, it will be bad for duplicity." *Id.* at 324.

■ Ind.Code 35–34–1–4 (1988) provides that defective indictments and informations, including the duplicity of allegations, are subject to a defendant's motion to dis-

miss. The record before us does not show that Townsend ever made such a motion in accordance with IC 35–34–1–4. The untimely filing of such a motion causes the issue to be waived. *Gibbs v. State* (1985), Ind., 483 N.E.2d 1365; *Land v. State* (1984), Ind., 470 N.E.2d 697. Townsend has waived any allegation of error that the indictment was defective.

ISSUE TWO—Was it reversible error for the State to call Turney, Townsend's codefendant, to testify as a witness?

PARTIES' CONTENTIONS—Townsend contends that the State improperly called Turney to testify because the prosecutor allegedly knew that she would refuse to testify, and the State informed the jury that it intended to ask Turney incriminating questions. The State counters that no error occurred because there is no evidence that the State knew, prior to Turney's appearance on the witness stand, that she intended to invoke her right against self-incrimination.

CONCLUSION—Reversible error did not occur when the State called co-defendant Turney to testify at trial.

When Turney was called as a witness, she answered questions regarding her relationship with Townsend, and she told the jury that she also had been indicted for battery. Turney then invoked her constitutional right against self-incrimination. Following these preliminary questions, the State advised the trial court that it intended to inquire further regarding the facts of the indictment. At no time did Townsend object to Turney's appearance as a witness or to the exercise of her privilege against self-incrimination.

Townsend claims that it was reversible error for the State to call Turney as a witness, and argues that *Tucker v. State* (1989), Ind., 534 N.E.2d 1110 is controlling authority. In *Tucker*, the State called a witness who was a confederate of the defendant Tucker in the charged crime. The witness refused to be sworn and the trial judge held him in contempt. The trial court ignored the defendant's request to admonish the jury to disregard the event.

Tucker was convicted and on appeal, our supreme court reversed and observed that:

"[T]he trial court erred in permitting [the witness] to be called before the jury *when all parties knew in advance that he would invoke the Fifth Amendment.* The court further erred in refusing to admonish the jury to disregard the situation."

*Id.* at 1111 (emphasis supplied).

Unlike the situation in *Tucker*, the record before us in no way reflects that the State had prior knowledge of Turney's intention to invoke her Fifth Amendment right against self-incrimination. The prosecutor did not make any statement to the court or to Turney which may have suggested that Turney would refuse to answer incriminating questions. *Tucker* is therefore inapposite to Townsend's position.

There is yet another string to our bow. Although *Tucker* held that a defendant is entitled to have the jury admonished after a confederate has refused to testify, the defendant must make such a request. In *Gadacz v. State* (1981), Ind., 426 N.E.2d 376, our supreme court declined to reverse the defendant's conviction when the State called a convicted co-conspirator as a witness who asserted her Fifth Amendment rights. While the court observed that the "defendant was entitled to an admonishment that the witness' exercise of Fifth Amendment rights was not to be considered as evidence of the Defendant's guilt," *Id.* at 378, reversal was not warranted because the defendant failed to request an admonishment.

Townsend made no attempt to prevent the State from calling Turney as a witness, and there was no objection when Turney took the witness stand. Additionally, Townsend did not request an admonishment after Turney invoked her Fifth Amendment rights. We therefore conclude that reversible error did not occur when the State called Turney as a witness.

ISSUE THREE—Did the trial court improperly admit hearsay testimony at trial?

PARTIES' CONTENTIONS—Townsend argues that it was error to permit Bennett (the babysitter) to testify as to what Skye

told her regarding the incidents with Townsend. The State responds that the error is waived because Townsend failed to raise a timely objection to Bennett's testimony.

CONCLUSION—Townsend has waived the issue.

■ At trial, Bennett (the babysitter), testified that when she asked Skye about the bruises, Skye stated that "Scott done it." Bennett also testified that Skye told her that Townsend had spanked her with a belt. Townsend did not object to either statement. *Record* at 588.

■ While hearsay evidence is generally held to be inadmissible, such evidence may be considered for substantive purposes and is sufficient to establish a material fact at issue when the hearsay evidence is admitted without a timely objection at trial. *Banks v. State* (1991), Ind., 567 N.E.2d 1126.

Bennett testified to Skye's out-of-court statements that Townsend was the individual who hit her with a belt and caused the bruises. However, because Townsend failed to lodge a timely objection to this testimony, the trial court did not err in admitting this hearsay evidence. *See Id.*

ISSUE FOUR—Was the evidence sufficient to support the conviction?

PARTIES' CONTENTIONS—Townsend argues that he was acting in loco parentis and he disciplined Skye in a reasonable manner. The State responds that the evidence was sufficient because Townsend's act of beating two-year-old Skye with a belt was unreasonable "discipline."

CONCLUSION—The evidence was sufficient to support Townsend's conviction for battery.

■ We reject Townsend's arguments his actions were justified because he was disciplining Skye while acting in loco parentis. Our supreme court has determined that a person stands "in loco parentis" when he assumes legal obligations of a parent without adoption. *Sturrup v. Mahan* (1974), 261 Ind. 463, 305 N.E.2d 877. Townsend has made no showing that he stood in loco parentis with respect to Skye

and Brian. The record reflects that Townsend occasionally stayed at Turney's apartment with Skye and Brian. *Record* at 460. There is no evidence that Townsend assumed any "legal obligations" as to Skye and Brian, so he was not acting in loco parentis when he hit the child.

Even if it could be said that Townsend was acting in loco parentis, the record clearly reflects that the force he exercised against Skye was not reasonable. Ind. Code 35–41–3–1 (1988) provides that "a person is justified in engaging in conduct otherwise prohibited if he has the legal authority to do so." This defense has been construed to include *reasonable* parental discipline which would otherwise constitute battery. *Hinkle v. State* (1891), 127 Ind. 490, 26 N.E. 777; *Smith v. State* (1986), Ind. App., 489 N.E.2d 140, *trans. denied.*

The evidence presented at trial showed that the bruises two-year-old Skye sustained were in the shape of a man's belt. *Record* at 588. Bennett testified that Skye told her that Townsend wielded the belt which inflicted the injuries. *Record* at 588. The jury could certainly conclude that Townsend's treatment of Skye was cruel and excessive and did not constitute reasonable parental discipline. *See Smith, supra.* Townsend was properly convicted of battery because the finder of fact could reasonably infer that he touched Skye in a rude and angry manner.

Judgment affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs in result with Opinion.

SULLIVAN, Judge, concurring in result.

I do not agree that by not filing a motion to dismiss the duplicitous indictment or by not objecting to the verdict forms, Townsend waived any error. Because the jury, however, convicted him of only one battery, Townsend was not prejudiced by the duplicity.

As the two batteries were charged, and before the evidence unfolded, it was conceivable that Townsend did in fact commit batteries upon both Skye Turney and Brian

Turney, but did so by a single act. In such instance, a single offense would have been committed. However, given a charge such as that before us, it has been said that the law assumes that two distinct batteries have been committed as two distinct offenses. *Hughes v. State* (1937) 212 Ind. 577, 10 N.E.2d 629. Until the facts are brought forward, however, one cannot know whether the assumption is correct. If, in fact, two distinct offenses were committed, the charge is duplicitous.

The law permits a defendant to await the prosecution's proof before committing to a legal position which may or may not be well founded. As in *Hughes v. State, supra,* a defendant is entitled to tender and receive instructions which contemplate an arguably duplicitous charge. A defendant does not waive a right to request an instruction which would require the State to prove batteries against both alleged victims if that is the manner in which the charge is framed. On the other hand, a valid conviction may be had if the State proves only a battery against one of two alleged victims. In such instance, it is akin to failing to prove the greater crime as alleged but proving a lesser included offense. *See Phillips v. State* (1988) 3d Dist.Ind.App., 518 N.E.2d 1129.

Here, only one crime was charged, i.e., that Townsend "knowingly or intentionally touch[ed] another person ... in a rude, insolent or angry manner; and did thereby commit Battery, a Class 'D' Felony." Record at 6. Therefore, only one conviction could lie under that charge.

Waiver of a duplicitous charge is not the issue here. Townsend was not convicted of two batteries. The State charged too much; however, that portion of the charge which alleged a battery against Skye Turney was established by the evidence. That conviction, the only conviction before us, is correctly affirmed.