Richard J. JOHNSON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 20S00–9810–CR–611.

Supreme Court of Indiana.

Nov. 12, 1999.

guilty to murder. The facts revealed that Johnson and Brandon Ennis beat and stabbed Strycker, set him on fire, and left him to die. Various prosecution witnesses identified Ennis as Johnson's accomplice, and the jury heard about certain acts of Johnson and Ennis related to the murder of Strycker.

The prosecution eventually called Ennis. After Ennis took the oath, the State asked various questions, and Ennis told the jury he was currently a resident of Pendleton Reformatory in Indiana, identified Johnson in court, and said that they were friends. Ennis then identified a written warning and waiver of his *Miranda* rights and said he had signed the waiver when he was picked up by the police. When the prosecutor asked Ennis who had requested the meeting that led to his signing the waiver, Ennis responded: "I have the absolute right to remain silent, and I'm going to stand on it as from this point on." (R. at 335–36.) The prosecutor then asked Ennis to identify his written statement, but Ennis did not answer. The question was repeated, and again Ennis did not answer.

At this point, the trial court decided to excuse the jury. The State then resumed questioning Ennis, but he maintained his silence. The court held Ennis in contempt three times and finally told the State to "pull Mr. Ennis off the stand at this time. I'll [o]rder him held here and we'll talk to him when we finish the other testimony later today." (R. at 341.)

Michael S. Greene, Elkhart, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Richard Johnson was convicted of murder, Ind.Code § 35–42–1–1, and sentenced to sixty-five years in prison. In this appeal he raises one issue: "Was defense counsel ineffective in failing to ask the trial court for an immediate limiting instruction regarding an alleged accomplice and witness who was called by the State but who refused to testify?" We answer in the negative.

### Statement of Facts

Johnson's trial for the murder of Steven Strycker lasted four days. Johnson's accomplice, Brandon Ennis, had earlier pled

Before Ennis stepped down, the State offered to pass Ennis to the defense for cross-examination. The court prepared to bring the jury back in, but defense counsel asked for a bench conference, after which the court asked Ennis if he understood the consequences of his refusal to answer defense counsel's questions. Ennis nodded yes. The court then dismissed the witness, saying "We'll talk to you later in the day." (R. at 343.) Defense counsel asked the court whether the defense would not "go directly to cross-examination at this point?" (R. at 343.) The judge said he

did not want Ennis's refusal to answer to occur in front of the jury, and asked the State to call its next witness.

The jury returned, and the State called its next witness. Ennis was never recalled to the stand either by the defense or the prosecution. The record is bare of any further discussions concerning Ennis's testimony.

Defense counsel elicited from the State's last witness the fact that Brandon Ennis had already been convicted of murder. Johnson testified on his own behalf during the trial. When Johnson took the stand, he testified that he had been told that Ennis had pled guilty to murdering Strycker.

During closing statement, the defense twice mentioned Ennis's refusal to testify, and reminded the jury that it could not consider that refusal in its deliberations. During the prosecution's rebuttal, the State again referred to Ennis's refusal and cautioned the jury it must disregard that refusal. The trial court gave a final instruction along the same lines.

### Ineffective Assistance of Counsel

 Johnson contends he was denied effective assistance of counsel because his counsel failed to request an immediate limiting instruction following Ennis's refusal to testify. Relying on *Aubrey v. State*, 261 Ind. 692, 310 N.E.2d 556 (1974), and *Tucker v. State*, 534 N.E.2d 1110 (Ind.1989), Johnson seeks to make this failure a per se finding of ineffective assistance of counsel. Johnson misreads our holdings in *Aubrey* and *Tucker*. Those cases stand for the proposition that it is reversible error for the court to refuse to give such limiting instruction *when requested to do so by the defense counsel.*

 To prevail on an ineffective assistance of counsel claim, Johnson must show both deficient performance and resulting prejudice. *Bouye v. State*, 699 N.E.2d 620, 623 (Ind.1998) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Overcoming the presumption that attorneys competently discharge their duties requires strong and convincing proof. *Beck v. State*, 261 Ind. 616, 617, 308 N.E.2d 697, 697 (1974). Counsel's performance will not be judged deficient unless, in light of all the circumstances, the identified acts or wrongs of counsel were outside the range of professionally competent assistance. *Brown v. State*, 698 N.E.2d 1132, 1139 (Ind.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1367, 143 L.Ed.2d 527 (1999).

We have previously addressed whether failure to request a limiting instruction amounts to ineffective assistance of counsel. *Roberts v. State*, 492 N.E.2d 310 (Ind. 1986). In *Roberts*, the alleged accomplice was called to testify by the State, but "took the Fifth" and remained silent. *Id.* at 312. Defense counsel did not ask for a limiting instruction, cross-examined the silent alleged accomplice, and in framing his questions sought to bolster the defense theory that the accomplice was the real culprit. *Id.* We held that defense counsel's actions were strategic choices, and the failure to request a limiting instruction did not amount to ineffective assistance. *Id.*

Johnson attempts to distinguish *Roberts* on grounds that his counsel was not given the opportunity to cross-examine the alleged accomplice. The holding in *Roberts* was not meant to imply, however, that cross-examination is the *only* acceptable strategic reason for not requesting a limiting instruction.

From the record, it appears that Johnson's counsel made strategic use of Ennis's refusal to testify. The defense's primary thrust appeared to be that it was Ennis and not Johnson who stabbed and burned Strycker to death. (R. at 542–44.) Defense counsel elicited testimony that Ennis had already pled guilty to the murder. Counsel also used the incident in his closing argument by juxtaposing Ennis's failure to testify with defendant's willingness to take the stand. (R. at 667–70.) These actions could represent a reasonable strat-

egy to use Ennis's refusal to testify to bolster the defense theory that Ennis was the murderer, not Johnson. Using the refusal in this way, counsel also reminded the jury that it could not assume that the testimony would have favored either the State or the defendant. (R. at 667.) Finally, the court was prepared to bring the jury in and allow defense to cross-examine Ennis, but defense counsel requested to approach and Ennis was subsequently removed from the stand. (R. at 341.)

 To leap from *Aubrey*, where we found error in the *court's* refusal to honor a defense request for admonition, to the proposition that a lawyer is ineffective for not requesting an admonition is to stand *Aubrey* on its head. One point of the *Aubrey* analysis is to ensure that courts do not inject themselves into those parts of the adversarial system that belong to the parties. Whether to ask for an admonition is a decision for the defense to make. Judges should not intrude either by refusing or forcing the admonition.[1]

We conclude that defense counsel's action in not requesting a limiting instruction could be construed as a reasonable strategic choice and therefore was within the range of ordinary professional performance.

### Conclusion

We thus affirm the judgment of the trial court.

DICKSON, SULLIVAN, and BOEHM, JJ., concur.

---

1. This is underscored by the fact that the court should not admonish the jury *sua* *sponte.* *Brewer v. State,* 455 N.E.2d 324, 327 (Ind.1983).