Kimberly JOHNSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0308–CR–701.

Court of Appeals of Indiana.

March 4, 2004.

Yvonne Ferguson Watkins, Ferguson, Watkins & Assoc., Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Kimberly Johnson appeals her conviction for battery on a child with injury as a class D felony.[1]  Johnson raises two issues,

---

1. Ind.Code  § 35–42–2–1(a)(2)(B)  (Supp.  2003).

which we consolidate and restate as whether the evidence is sufficient to sustain her conviction. We affirm.

The facts most favorable to the judgment follow. On August 14, 2002, Johnson's thirteen-year-old daughter, A.J., was at Christine McKenzie's house. A.J. told McKenzie that she had had sex with a thirteen-year-old boy and asked McKenzie to call Johnson and ask her to come to McKenzie's house to talk. Johnson came to McKenzie's house, and A.J. told Johnson that she had had sex. Johnson went over to A.J., who was sitting on the sofa, "jumped on" A.J., and started hitting A.J. on her face and "everywhere" with her fists. Appellant's Appendix at 49–50. Johnson then told A.J. to go out to the car. Johnson continued to hit A.J. as she walked to the door. A.J. walked to the front porch, and Johnson "knocked her down" and "was still hitting her and pulling her." *Id.* at 50, 65. Johnson grabbed A.J.'s clothes and arm and dragged her down three concrete steps in front of McKenzie's house and onto the sidewalk where she continued to hit her. A.J. had a "busted lip" and was bleeding from her mouth. *Id.* at 63–64. A.J. also had a bruise on her head that was hurting. McKenzie's daughter called the police, and paramedics arrived and checked A.J.'s head.

The State charged Johnson with battery on a child with injury as a class D felony. During her bench trial, Johnson argued that she had a lawful right to physically discipline A.J. The trial court found Johnson guilty as charged and sentenced Johnson to a one-year suspended sentence with one year of probation.

The sole issue is whether the evidence is sufficient to sustain Johnson's conviction for battery with injury on a child as a class D felony. When reviewing a claim of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Stewart v. State,* 768 N.E.2d 433, 435 (Ind.2002), *cert. denied,* 537 U.S. 1004, 123 S.Ct. 493, 154 L.Ed.2d 402 (2002). Rather, we consider "the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable [factfinder] could have found the defendant guilty beyond a reasonable doubt." *Id.* Moreover, the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal. *Toney v. State,* 715 N.E.2d 367, 369 (Ind. 1999).

The offense of battery as a class D felony is governed by Ind.Code § 35–42–2–1(a)(2)(B), which provides that:

(a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

\* \* \* \* \*

(2) a Class D felony if it results in bodily injury to:

\* \* \* \* \*

(B) a person less than fourteen (14) years of age and is committed by a person at least eighteen (18) years of age.

Johnson argues that the evidence is insufficient to support her conviction for battery. First, Johnson argues that the evidence is insufficient to prove that A.J. sustained a bodily injury. Specifically, Johnson contends that the evidence was insufficient because the State relied on McKenzie's uncorroborated testimony to prove the bodily injury element of the battery charge and did not introduce any physical evidence. Second, Johnson ar-

gues that her conviction for battery should be reversed because she had legal authority to discipline A.J.

First, the evidence at the bench trial was sufficient to show that Johnson caused bodily injury to A.J. Bodily injury is defined as, "any impairment of physical condition, including physical pain." Ind. Code § 35–41–1–4 (1998). The State does not have to prove that the victim suffered physical pain in order to prove that there was bodily injury. *Tucker v. State*, 725 N.E.2d 894, 897–898 (Ind.Ct.App.2000), *trans. denied.* McKenzie testified that Johnson jumped on thirteen-year-old A.J., repeatedly hit A.J. with her fists, knocked her down, dragged her down three concrete steps, and continued to hit her when she was on the sidewalk. McKenzie also testified that A.J. had a "busted lip," was bleeding from her mouth, and had a bruise on her head, which caused it to hurt. McKenzie's uncorroborated testimony alone is sufficient to prove the element of bodily injury. *See, e.g., Toney*, 715 N.E.2d at 369 (holding that uncorroborated testimony of one witness is sufficient by itself to sustain a conviction); *C.T.S. v. State*, 781 N.E.2d 1193, 1202 (Ind.Ct.App.2003) (holding that witness's testimony was sufficient to support the trial court's finding that defendant committed battery that resulted in bodily injury), *trans. denied; Tucker*, 725 N.E.2d at 898 (holding that a bruise is a physical impairment, and, thus, constitutes bodily injury).

Second, the evidence was also sufficient to overcome Johnson's legal authority or parental right to discipline A.J. Indiana Code § 35–41–3–1 (1998) provides that "[a] person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." This statute has been interpreted to permit a parent to engage in reasonable discipline of her child, even if such conduct would otherwise constitute battery. *Smith v. State*, 489 N.E.2d 140, 141 (Ind.Ct.App.1986), *reh'g denied, trans. denied.* In order to be justified, the parental discipline must not be cruel or excessive. *Id.* The evidence at trial showed that after Johnson jumped on A.J., knocked her down, dragged her down three concrete steps, and repeatedly hit her, A.J. had a bloodied lip and a bruise on her head. The evidence is sufficient for the trial court to have found that Johnson's treatment of A.J. was excessive and did not constitute reasonable parental discipline. Johnson's arguments to the contrary amount to an invitation that we reweigh the evidence and the credibility of witnesses, which we cannot do. *Stewart*, 768 N.E.2d at 435. Johnson was properly convicted of battery because the trial court could reasonably infer that she touched A.J. in a rude and angry manner resulting in bodily injury to a person less than fourteen years old. *See, e.g., Smith*, 489 N.E.2d at 141 (finding that parent's act of hitting child for approximately fifteen times, which resulted in numerous bruises and a facial laceration, was not reasonable parental discipline). Accordingly, we find that probative evidence exists to support Johnson's conviction for battery as a class D felony.

For the foregoing reasons, we affirm Johnson's conviction for battery on a child with injury as a class D felony.

Affirmed.

MATHIAS, J. and VAIDIK, J. concur.