## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

Alexis Sizemore, Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Christa K. Kumming
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Dante Gooch,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 13, 2021

Court of Appeals Case No.
20A-CR-1266

Appeal from the Marion Superior
Court

The Honorable Angela Dow
Davis, Judge

Trial Court Cause No.
49G16-2001-F6-1999

**May, Judge.**

[1] Dante Gooch appeals his conviction of Class B misdemeanor battery.[1] He asserts the State's evidence was insufficient to support his conviction. We affirm.

# Facts and Procedural History

[2] In the early afternoon of January 14, 2020, Kathryn Haverfield was smoking a cigarette while standing on the balcony of her third story apartment. The balcony was on the back of her apartment and allowed her to see the "open community quad" between all the apartment buildings. (Tr. Vol. II at 6.) Haverfield saw Gooch walking in the quad with a toddler and a woman who was carrying a baby in a car seat. Gooch and the woman were yelling at each other and arguing, and then Gooch hit the woman and knocked the car seat from her hand. The woman and the car seat both fell to the ground, and the baby and toddler began to cry. Haverfield snapped a picture and called 911.

[3] Indianapolis Metropolitan Police Department Officer Carlos Pettiford arrived at the scene and encountered Gooch, who was sitting in a car with two females, neither of which was the woman from the quad. The woman from the quad was K.D.J., and Officer Pettiford described her as follows:

> She was with tears running down her face. She didn't want to talk to the police; she was scared. She had bruise marks on her forehead; swollen eyes; light scratch marks; fresh cut on her leg.

---

[1] Ind. Code § 35-42-2-1(c)(1).

I think it was dust or asphalt or something that was on her legs but I couldn't really tell at the time.

(Tr. Vol. II at 20.)  The fresh cut on K.D.J.'s leg was bleeding.  Police took a statement from Haverfield at the scene and also spoke with K.D.J. and Gooch.

[4]    The State charged Gooch with Level 6 felony domestic battery,[2] Level 6 felony battery on a person less than fourteen years old,[3] and Class B misdemeanor battery.  Gooch waived his right to trial by jury.  After the State presented testimony from Haverfield and Officer Pettiford, the court granted Gooch's motion to dismiss the two felony counts for failure to present evidence as to some elements of those crimes.  Gooch then testified, and the State recalled Haverfield for rebuttal testimony.  The court found Gooch guilty of Class B misdemeanor battery.  The court imposed a 180-day sentence, suspended 146 of those days to probation, and ordered Gooch to complete anger management classes.

# Discussion and Decision

[5]    Gooch asserts the State presented insufficient evidence to prove he battered K.D.J.  Our standard of review for such arguments is well-settled:

> For sufficiency challenges, we neither reweigh evidence nor judge witness credibility.  We consider only the evidence most

---

[2] Ind. Code § 35-42-2-1.3(a)(1) & (b)(2).

[3] Ind. Code § 35-42-2-1(c)(1) & (e)(3).

favorable to the judgment together with all reasonable inferences that may be drawn from the evidence. We will affirm the judgment if it is supported by substantial evidence, even if the evidence is conflicting.

*McCallister v. State*, 91 N.E.3d 554, 558 (Ind. 2018) (internal citations omitted). "[T]he uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal." *Johnson v. State*, 804 N.E.2d 255, 256 (Ind. Ct. App. 2004).

[6] Gooch was convicted of Class B misdemeanor battery, which required the State to prove he touched K.D.J. in a rude, insolent or angry manner. *See* Ind. Code § 35-42-2-1(c)(1) (defining battery). (*See also* Appellant's App. Vol. II at 20 (charging information).) Gooch asserts the State's evidence is insufficient because Haverfield saw the interaction from three stories above, because K.D.J. did not testify or give a police report, and because no pictures were taken to prove K.D.J.'s injuries. However, those arguments "amount to an invitation that we reweigh the evidence and the credibility of witnesses, which we cannot do." *Johnson*, 804 N.E.2d at 257.

[7] Haverfield testified that she saw Gooch hit K.D.J. as Gooch and K.D.J. walked through the quad area toward the parking lot. Haverfield testified that K.D.J. fell down, which is corroborated by Officer Pettiford's testimony that K.D.J. had a fresh cut on her leg that was bleeding and also had dust or asphalt on her legs. Officer Pettiford also testified that K.D.J. was crying, was scared, and did not want to talk to police. Gooch testified he did not "slap" K.D.J., but instead

he moved her so that a vehicle could pull out without hitting her, (Tr. Vol. II at 33); however, Haverfield testified in rebuttal that the quad is a "5 block area of like grass and there's some trees" but there is no place to park a car in the quad. (*Id*. at 34.) The evidence is sufficient to support the court's finding of guilt. *See, e.g.*, *Johnson*, 804 N.E.2d at 257 (testimony of single witness, who was not the victim, was sufficient to support conviction of battery).

# Conclusion

The State's evidence was sufficient to prove Gooch touched K.D.J. in a rude, insolent, or angry manner, and we therefore affirm his conviction.

Affirmed.

Kirsch, J., and Bradford, C.J., concur.