## STATE OF INDIANA *v.* TAYLOR.

[No. 29,325.   Filed October 11, 1956.]

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellant.

*Bruce Markel, Jr., Branman & Markel,* of Brownstown, for appellee.

ACHOR, J.—This is an appeal from an order of the Jackson Circuit Court discharging appellee from a charge of involuntary manslaughter, being Cause No. 4556 in that court. The issues in the case arose in the following manner:

Appellee had previously, on March 29, 1954, been charged in the same court by affidavit with reckless homicide, based upon the same occurrence. In the prior case, being Cause No. 4310, a motion to quash the affidavit was sustained on June 9, 1954, and the state of Indiana was "directed to file an amended affidavit on or before October 4, 1954." Such amended affidavit was not filed and, on December 14, 1954, on motion of the appellee, the cause was dismissed by the court "for want of prosecution for the failure of the state of Indiana to plead over."

Thereafter, on February 8, 1955, appellee was charged by indictment with involuntary manslaughter based upon the same factual circumstances. To this indictment appellee filed his motion for discharge in which he asserted the facts of the dismissal of the prior case. The motion is in the nature of a special plea at

bar authorized under §9-1132, Burns' 1956 Repl. (Acts 1905, ch. 169, §198, p. 584) ; *Mann* v. *State* (1933), 205 Ind. 491, 187 N. E. 343. To this motion the state filed a demurrer, which was overruled. Thereafter the cause was submitted on the issues presented by the motion. This resulted in the finding and judgment "that defendant be discharged." It is from this order of discharge that this appeal is taken under authority of §9-2304, Burns' 1956 Repl. (Acts 1905, ch. 169, §325, p. 584; 1955, ch. 315, §1, p. 968). The pertinent part of that section reads as follows:

> "Appeals to the Supreme Court may be taken by the state in the following cases:
>
> .  .  .  .  .  .  .
>
> "Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial."

We are not here presented with an issue of double jeopardy because the original action, dismissed after motion to quash, did not constitute a *valid* charge and, therefore, it did not subject the accused to jeopardy in the first instance. *Joy* v. *State* (1860), 14 Ind. 139; *Blocher* v. *State* (1912), 177 Ind. 356, 98 N. E. 118; *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294; *State* v. *Bass* (1936), 210 Ind. 181, 1 N. E. 2d 927; *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203. Therefore, if appellee is entitled to discharge, it must be upon the theory that the discharge in the original action was granted "upon his motion for discharge because of delay of his trial not caused by his act" specifically; that the second action was barred by the dismissal and discharge in the first, which was for delay in the trial of that case not caused by appel-

lee's action. That is the primary question, here presented for our determination.

If the former discharge constituted a bar to further prosecution, authority for such a consequence must be found either directly within the general constitutional provision that "Justice shall be administered . . . speedily, and without delay," (Ind. Const. Art. 1, §12) or within some statute in implementation thereof.

It is not contended that the accused had been "held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than three (3) terms of court." (§9-1403, Burns' 1956 Repl. (Acts 1905, ch. 169, §220, p. 584.).) Therefore, this statute, which is an implementation of Art. 1, §12 is not applicable.

We therefore proceed to a consideration of the statutes which deal specifically with the rights and duties of the parties and the procedure to be followed in event an indictment or an affidavit charging an offense has been quashed. Appellee contends that these statutes authorize the court to dismiss an action and discharge the accused because of unreasonable delay in the prosecution by the state. The statutes relied upon by appellee are §§9-1130 and 9-1131, Burns' 1956 Repl. (Acts 1905, ch. 169, §§195, 196, p. 584), which read as follows:

"If the motion to quash be sustained the defendant shall not be discharged, unless the court should be of opinion that the objection can not be avoided by a new indictment, or affidavit. And in case an indictment or affidavit is quashed, the court shall direct the case to be resubmitted to the grand jury which found the indictment, or to another grand jury, or the prosecuting attorney may file a proper affidavit against the defendant, charging him with the offense. And the court must detain the defend-

ant in custody, or recognize him with sufficient surety, if the offense be bailable, to answer to the offense, and if necessary recognize the witnesses to appear and testify." (§9-1130.)

"In any case where the defendant is charged with a felony, upon indictment, and the indictment has been quashed, and no grand jury is in session, . . . he shall have the right to demand that he be prosecuted by affidavit without delay; and if the prosecuting attorney fails to so prosecute, the defendant shall be discharged from custody: Provided, That, upon a statement by the prosecuting attorney that he is unable to procure from anyone the necessary affidavit, the court, in its discretion, may hold the defendant to await the action of the next grand jury." (§9-1131.)

However, an examination of the above statutes discloses that they are not applicable to the facts here presented. Here there was no "demand" by the accused "that he be prosecuted by affidavit without delay." Therefore, neither section of the act authorizes the court to direct the state "to file an amended affidavit" within a specified period of time. Rather, the statute instead provides that ". . . in case an indictment or affidavit is quashed, the court shall direct the case to be resubmitted to the grand jury which found the indictment, or to another grand jury, or the prosecuting attorney *may* file a proper affidavit against the defendant, charging him with the offense. . . ." (§9-1130, *supra.*) (Our italics.)

It seems clear that the legislative intent of the statute is that if the charge was by *indictment* and quashed, it becomes the duty of the court to "direct the case to be resubmitted to the grand jury which found the indictment, or to another grand jury," whereas, if the charge is by affidavit as in this case, a refiling of the case by the state is discretionary with the prosecutor rather than mandatory. Under such cir-

cumstances the act expressly provides that "the prosecuting attorney *may* file a proper affidavit against the defendant." Neither section of the act authorized the court to direct the state to "file an amended affidavit on or before October 4, 1954," or at any other time. Furthermore, these statutes specifically extend and limit the authority of the court to discharge an accused to the single circumstance, as follows: "If the motion to quash be sustained the defendant *shall not be discharged,* unless the court should be of opinion that *the objection can not be avoided by a new indictment, or affidavit.*" (Our italics.) (§9-1130, *supra*.) The discharge in the former case can not be justified under this section of the act because this statutory ground fór discharge was not the reason of record for the discharge in this case. Therefore, any discussion as to the fact or effect of such a discharge would be inappropriate. Suffice it to say that the above statutes do not authorize a court, under the facts in this case, to direct such a discharge of an accused as would bar a subsequent prosecution for the same occurrence.

We conclude, therefore, that the facts in this case do not bring it within any of the statutes above referred to, which statutes in implementation of Art. 1, §12, *supra,* are in the nature of exceptions to the general statutory rule regarding dismissal of criminal actions, as follows:

> "*No criminal cause shall be dismissed except* by order of the court *on motion of the prosecuting attorney;* and such motion must be in writing and the reasons therefor must be stated in such motion and read in open court before such order is made; and the mere number of prosecutions against the same person shall not be a reason for dismissing any of such causes." (Our italics.) §9-910, Burns' 1956 Repl. (Acts 1905, ch. 169, §114, p. 584).

However, apart from any statutory authority, appellee asserts that under the constitutional provision that "Justice shall be administered . . . speedily, and without delay," (Art 1, §12, *supra*) the court has discretionary authority to discharge an accused because of unreasonable delay in the prosecution of a cause by the state, which constitutional authority the court exercised in the original case. In considering the case from this point of view, we are aware that the above constitutional provision applies alike in civil as well as in criminal cases. Section 9-2407, Burns' 1956 Repl. (Acts 1905, ch. 169, §344, p. 584) expressly provides that in criminal cases ". . . the rules of pleading and practice in civil actions shall govern, so far as applicable."

Also, our courts in numerous instances have held that there is no warrant for a different rule in criminal than in civil cases under the same constitutional provision. *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181; 22 C. J. S., Crim. Law, §§253-254, pp. 390-391; *Winters* v. *State, supra*; *Strathmann* v. *State* (1929), 89 Ind. App. 312, 166 N. E. 290. In support of this theory of the case appellee cites the fact that we have heretofore held that a motion to quash an affidavit or indictment in a criminal case serves the function that a demurrer performs in a civil case. *Zehrlaut* v. *State, supra*. Appellee also cites the fact that in a civil action when a demurrer is sustained to a complaint the plaintiff has absolute right to amend or dismiss. But if, instead of dismissing or amending, he affirmatively stands upon his allegations, refusing to plead over and suffers a judgment against him upon the facts alleged, he cannot again maintain an action for the same cause of action. Appellee asserts

that the facts of this case present an analogous situation.

However, the above factual circumstances are not analogous to those before us and are not, therefore, pertinent to the decision in this case. Here there was no refusal to plead further or an election to stand on the allegations of the affidavit. Here there was merely a failure to file an amended affidavit within the time fixed by the court.

Under the circumstances, in a civil case, the court could merely dismiss the action without prejudice, except as to costs, and if, in this case, we were to concede without agreeing that the court had authority to dismiss the criminal action for failure of the state of Indiana to plead over, by the same analogy the dismissal would be without prejudice and would not bar the filing of the same cause of action within the time fixed by the statute of limitations.

The legislature has enacted numerous laws designed to safeguard the individual's constitutional right to a speedy trial, and to establish the public policy with regard thereto. By statutes of limitation, it has fixed the time when actions must be commenced and, also, once commenced, when they must be tried, if the accused is either incarcerated (§9-1402, Burns' 1956 Repl.) or held under recognizance (§9-1403, *supra*), and it has provided that under circumstances recited in §9-1131, *supra,* he may "demand" that he be prosecuted by affidavit without delay. The legislature, with equal concern for the protection of the public, has carefully defined and limited the authority and circumstances under which criminal actions, once filed, may be dismissed by the court. It is within the province of the legislature to declare the public policy of the state regarding the application of this constitutional pro-

vision, provided the policy, so declared, does not do violence to basic constitutional rights which the constitution guarantees.

Judgment reversed, with instructions to sustain the appellant's demurrer to the appellee's motion for discharge.

Landis, C. J., Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 137 N. E. 2d 537.