HELWIG v. STATE OF INDIANA.

[No. 29,671. Filed October 23, 1958.]

*Bangs & Yates* and *C. W. H. Bangs,* of Huntington, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

BOBBITT, C. J.—Appellant was charged with cruelty to his three children under Acts 1945, ch. 218, §2, p. 1011, being §10-813, Burns' 1956 Replacement, tried by jury, found guilty as charged, fined $50 and sentenced to the Indiana State Farm for a period of ninety days.

Two errors are assigned:

"1. The court erred in overruling appellant's Motion in Arrest of Judgment.
"2. The court erred in overruling appellant's Motion for a New Trial."

We shall first consider the motion in arrest of judgment.

The affidavit,[1] omitting formal parts, is as follows:

"John Brainard, being duly sworn upon his oath, deposes and says that on or about the 10th day of December, 1956 at the County of Wabash, and State of Indiana, one Gerald Leroy Helwig, he then and there being the father and having the custody and control of Darliene Helwig, aged 5 years, William Helwig, aged 4 years, and Raymond Helwig, aged one year, he, the said Gerald Leroy Helwig did then and there unlawfully be cruel to said children in that he left said children in an automobile parked on Main Street in the City of Wabash, Indiana, for several hours when the temperature was below freezing contrary to the form of the *statue* in such cases made and provided, and against the peace and dignity of the State of Indiana."

The motion in arrest of judgment is based on the statutory[2] ground that the facts stated in the affidavit do not constitute a public offense under the laws of the State of Indiana.

Section 10-813, *supra,* in pertinent part, provides:

"Cruelty to a child shall consist in any of the following acts: . . . (b) inflicting upon a child unnecessary suffering or pain, either mental or physical; . . . (e) or exposing a child to unnecessary hardship, fatigue or mental or physical strains that may tend to injure the health or physical or moral well-being of such child."

In considering a motion in arrest, a fact fairly and rationally inferable from facts pleaded, though stated indirectly, may be deemed averred; and the evidence may cure a defect in the affidavit as against a motion in arrest of judgment. *Bush*

---

1. The affidavit is loosely drawn and we do not recommend it as a model form for future use.

2. Acts 1925, ch. 203, §1, p. 490, being §9-2001, Burns' 1956 Replacement.

v. *State* (1958), 237 Ind. 280, 283, 145 N. E. 2d 10; *Kelley* v. *State* (1953), 231 Ind. 671, 674, 110 N. E. 2d 860. See also: *Pope* v. *State; Lewis* v. *State* (1949), 227 Ind. 197, 201, 84 N. E. 2d 887.

From the statement in the affidavit that appellant left his children "in an automobile parked on Main Street in the City of Wabash, Indiana, for several hours when the temperature was below freezing" it could reasonably be inferred that the children had been exposed to an unnecessary hardship which might injure their health.

The evidence most favorable to the appellee shows that appellant left his three children, ages 5 years, 4 years and 1 year, in an automobile parked on Main Street in the City of Wabash, Indiana, from about 3:30 P.M. to about 6 P.M., without heat in the car when the temperature was approximately 28 degrees, while he was in a tavern drinking beer. The children were not warmly dressed and when they were found by the police the five-year-old girl and the four-year-old boy were shivering and the baby was cold and "sopping wet from its waist down."

This evidence was sufficient to cure any defect or error in the affidavit and it was not error to overrule the motion in arrest of judgment.

The jury might reasonably have found from the evidence above summarized that appellant had inflicted unnecessary pain and suffering upon the children, and that he had exposed them to an unnecessary hardship which might tend to injure their health. This was sufficient evidence to support the verdict of the jury, and there was no error in overruling appellant's motion for a new trial.

Appellant has failed to sustain his burden of showing

reversible error and the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 153 N. E. 2d 437.