Robert HART, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S03–9109–CR–723.

Supreme Court of Indiana.

Sept. 18, 1991.

Daniel L. Bella, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant Robert Hart was convicted of child molesting, a class A felony, and two counts of confinement, as class B felonies. In a memorandum decision, the Court of Appeals affirmed, 566 N.E.2d 1113, relying upon its prior decision in *Brady v. State* (1989), Ind.App., 540 N.E.2d 59. Because we have since vacated that decision, *Brady v. State* (1991), Ind., 575 N.E.2d 981, we now grant transfer in the present case solely to assess whether our decision in *Brady* requires a reversal here because of defendant Hart's exclusion from the courtroom during the testimony of the alleged child victim. Upon all other issues, the memorandum decision of the Court of Appeals is summarily affirmed. Ind.Appellate R. 11(B)(3).

Three days before the commencement of trial, the State made a videotape recording of the testimony of R.W., age 6, having first obtained the permission of the trial court pursuant to Ind.Code § 35–37–4–8.[1] The testimony was taken in the courtroom in the presence of the judge, the prosecuting attorney, the defense attorney, a court reporter, a camera operator, and the child's mother and aunt. In accordance with sections (c) and (f)(7) of the statute, the defendant was excluded from the courtroom, placed in an adjoining room, and listened to the proceedings with audio equipment.

 In *Brady*, this Court held:

I.C. 35–37–4–8 contains a provision, subsection (f)(7), which specifies that a child who is being videotaped shall not be able to observe or hear the defendant,

unless the defendant opts to proceed without counsel. We find that the operation of subsections (c) and (f)(7) of this statute, subsections which the trial judge adhered to in this case, to be violative of Article I, Section 13, of the Indiana Constitution in that they infringe upon the defendant's right to confront the witnesses against him face-to-face as they give their trial testimony.

575 N.E.2d at 988. Article I, Section 13, of the Constitution of Indiana includes the following provision:

In all criminal prosecutions, the accused shall have the right ... to meet the witnesses face-to-face....

The face-to-face requirement of our state constitution is separate and in addition to the confrontation right afforded by the same provision and by the Sixth Amendment of the United States Constitution. *Brady*, 575 N.E.2d 981.

 While the state constitutional issue is clearly asserted in the defendant-appellant's brief to the Court of Appeals and in his petition for transfer, the defendant's objections at trial referred only to the confrontation and due process clauses of the United States Constitution, and did not assert any claim of violation of the Indiana Constitution. In general, a party may not object to the admission of evidence on one basis at trial and for a different reason on appeal. *Wilson v. State* (1987), Ind., 514 N.E.2d 282; *Golden v. State* (1985), Ind., 485 N.E.2d 51.

 However, this procedural prerequisite does not necessarily apply when the error is fundamental. *Wright v. State* (1985), Ind., 474 N.E.2d 89. To qualify as "fundamental," the error must be a substantial blatant violation of basic principles rendering the trial unfair to the defendant. *Collins v. State* (1991), Ind., 567 N.E.2d 798; *Wilson*, 514 N.E.2d 282. The denial of a specific constitutional right does not automatically constitute fundamental error. *Brockway v. State* (1987), Ind., 502 N.E.2d

---

1. Notwithstanding language in *Brady* referring to the desirability of permitting the witness to see not only the accused but also the jury, the statutory authorization in Ind.Code § 35–37–4– 8(c) permitting the testimony to be taken before trial and videotaped for use at trial does not offend the Indiana constitutional face-to-face requirement.

105 (admission of defendant's statement upon arrest); *Reynolds v. State* (1984), Ind., 460 N.E.2d 506 (trial court response to question from deliberating juror in absence of defendant contrary to constitutional right to be present at all stages of criminal proceeding); *Crosson v. State* (1980), 274 Ind. 247, 410 N.E.2d 1194, and *Malo v. State* (1977), 266 Ind. 157, 361 N.E.2d 1201 (alleged improper comment upon Fifth Amendment privilege to remain silent). The Indiana constitutional right to meet witnesses face-to-face is in the nature of a privilege which may be waived. *Brady,* 575 N.E.2d 981.

In determining whether a claimed error denies the defendant fundamental due process, we consider whether the resulting harm or potential for harm is substantial. *Wilson,* 514 N.E.2d 282. Such element of prejudice is not shown by the fact that a defendant was ultimately convicted, but rather it depends upon whether his right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled. *Games v. State* (1989), Ind., 535 N.E.2d 530.

In the present case, we conclude that the failure to apply the face-to-face requirement of Article I, Section 13 of the Indiana Constitution, as required in *Brady,* did not substantially impair the defendant's opportunity for the ascertainment of truth and thus was not fundamental error. Except for the absence of the defendant in the courtroom, the videotaped testimony of R.W. is remarkably consistent with traditional judicial fact-finding procedures. The witness was required to give the testimony in a courtroom, sitting alone in the witness chair, in proceedings presided over by a robed judge. The videotaped testimony lasts one hour and thirty-five minutes, over one hour of which is a full cross-examination by defense counsel. The duration of the testimony and the observable detail of the witness's bodily movements and facial expression provided the jury viewing the videotape a full and adequate opportunity to assess demeanor and credibility.

Because we conclude that the violation of the face-to-face confrontation clause of the Indiana Constitution did not here constitute fundamental error, the defendant's failure to assert such right at trial now precludes his appellate claim of reversible error. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., concurs in result without opinion.