Scott D. TOWNSEND, Appellant,

v.

STATE of Indiana, Appellee.

No. 05S02–9404–CR–358.

Supreme Court of Indiana.

April 18, 1994.

David C. Ford, Hartford City, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

DeBRULER, Justice.

A jury returned a verdict finding appellant Scott Townsend guilty of battery, a class D felony, Ind.Code § 35–42–2–1(2)(B) (West supp. 1988).[1] The trial court meted out a sentence of eighteen months. On appeal, the Indiana Court of Appeals (Second District) affirmed the conviction. *Townsend v. State* (1993), Ind.App., 616 N.E.2d 47. Townsend petitions for transfer to this Court. Transfer is granted.

During the spring and summer of 1990, appellant Scott Townsend resided with Angela Turney and her two children, Sky and Brian Turney, in an apartment complex in Montpelier, Indiana. At the time, Sky was approximately two and one-half years old, and Brian was about one and one-half years old. On February 13, 1991, appellant was charged in a single count indictment with battery. It read:

That during the month of August, 1990, in Blackford County, State of Indiana, Scott Townsend, a person over 18 years of age, did knowingly or intentionally touch another person, to-wit: Sky Turney and Brian Turney, who were less than 13 years of age, in a rude, insolent, or angry manner; and did thereby commit Battery, a Class "D" Felony."

Appellant pleaded not guilty.

On the first day of trial, after the jury was sworn, the State sought to amend the indictment by substituting the word "or" for the word "and," which joined the names of the two victims. The trial court refused to permit the amendment. During trial the State also tendered a preliminary jury instruction and a final jury instruction which would have accomplished the same thing as the rejected

amendment, namely permitting a verdict of guilty upon proof of a battery upon either, but not necessarily both of the children. The trial court rejected both of these instructions presented by the State.

In both the preliminary and final jury instructions, without objection, the trial court instructed on the essential elements of the charged crime as follows:

To convict the defendant, the State must have proved each of the following elements: The defendant

1. knowingly or intentionally

2. touched Sky Turney and Brian Turney

3. in a rude, insolent, or angry manner.

The trial court, without objection, gave four verdict forms with the standard final verdict instruction:

We, the Jury, find [appellant] . . . guilty of . . . Battery against Sky Turney. . . .

We, the jury, find [appellant] . . . not guilty of . . . Battery against Sky Turney. . . .

We, the jury, find [appellant] . . . guilty of . . . Battery against Brian Turney. . . .

We, the jury, find [appellant] . . . not guilty of . . . Battery against Brian Turney. . . .

The jury returned a verdict of guilty as to Sky and one of not guilty as to Brian. Appellant filed a motion to set aside the judgment, claiming that the State had to prove the charge as to both children, and did not. The motion was denied.

On appeal, appellant makes several claims. The first of these is stated in the following manner:

The trial court committed error when allowing appellant to be subjected to two possible non-inclusive guilty verdicts, neither of which precisely stated the facts charged, under a single count.

This claim does not follow a common pattern. The argument in support of it includes an assertion that the indictment was bad for

---

1. The legislature recently reformulated the battery statute. The relevant section is now codified

at I.C. § 35–42–2–1(a)(2)(B) (West supp. 1993).

duplicity. A single count of a charging pleading may include but a single offense. This restriction is imposed by the Indiana statute that governs indictments and informations, I.C. § 35–34–1–2 (West 1986). This restriction is enforced through the pre-trial and timely motion to dismiss pursuant to I.C. § 35–34–1–4(a)(2) (West 1986). An objection to an indictment on the ground of duplicity cannot be made for the first time on appeal. *Naanes v. State* (1896), 143 Ind. 299, 42 N.E. 609. And, failure to assert error in an indictment or information results in the procedural default of that error. *See Seaton v. State* (1985), Ind., 478 N.E.2d 51 (defendant waived issue as to improper references to penalty on charging informations, as there was no showing in record that any objection or motion to dismiss was made to form of informations and as it appeared that defendant raised question for first time after completion of trial); *cf. Stwalley v. State* (1989), Ind., 534 N.E.2d 229 (when a defendant challenges the sufficiency of a charging instrument, he must do so in a motion to dismiss prior to arraignment). Here, a motion to dismiss which was filed and overruled did not allege this ground. Since the duplicity defect is reachable under the statute by a motion to dismiss and was not alleged, it cannot now constitute a basis for reversal.

An argument is also made in support of this first claim on appeal that appellant was wrongly subjected to two separate battery charges and convictions, where there was only one battery count. Appellant contends that the prosecution's burden was to prove that appellant committed a battery, i.e., an offensive touching of both children. His subjection to the two separate possibilities occurred for the first time at the very end of the final jury instructions when the trial court gave its final instruction upon the subject of proper verdicts. Despite instructing in the element instructions that the State was required to prove an unlawful touching of both children, and despite having ruled three times that the State was required to prove an unlawful touching of both children under the charge, the trial court inexplicably provided the four verdict forms quoted above, which invited the jury to convict appellant based upon proof of commission of a battery upon either child, rather than upon commission of a battery upon both children, as the charge alleged. Clearly, the State was not entitled to be relieved of the burden of proving a battery upon both victims in this manner at this juncture.

There was no timely objection to the verdict instruction at trial. Since there was no issue raised at trial that the verdict instruction was contradictory and faulty in nature, such issue has been procedurally defaulted and is therefore normally under such circumstances unavailable on appeal. *England v. State* (1988), Ind., 530 N.E.2d 100. However, we may bypass an error that a party procedurally defaults when we believe that the error is plain or fundamental. To qualify as "fundamental error," the error must be a substantial blatant violation of basic principles rendering the trial unfair to the defendant. *Hart v. State* (1991), Ind., 578 N.E.2d 336. The appellant bears the burden of proving that the alleged error occurred, and that the error was fundamental in nature. *Baird v. State* (1992), Ind., 604 N.E.2d 1170. Not all errors a party fails to assert at trial are fundamental errors. Some uncontested errors may be harmless, or otherwise have no substantial impact on the verdict. Such errors are insufficient to overcome the bar of procedural default. *See Davis v. State* (1992), Ind., 598 N.E.2d 1041. In determining whether a claimed error denies the defendant a fair trial, we consider whether the resulting harm or potential for harm is substantial. The element of harm is not shown by the fact that a defendant was ultimately convicted; rather, it depends upon whether his right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled. *Hart*, 578 N.E.2d 336. Our task is to look at all that happened, including the erroneous action, and decide whether the error had substantial influence upon the verdict to determine whether the trial was unfair.

The verdict instruction must be considered in conjunction with the element instruction. The element instruction, quoted above, specifies the elements of the crime

upon which the State bore the burden of proof and upon which a guilty verdict was required to rest. It required the State to prove a touching of both children. An element instruction is an essential one. *Smith v. State* (1984), Ind., 459 N.E.2d 355. The trial court's verdict form instruction is diametrically opposed to the element instruction. It relieved the State of the need to prove the commission of a battery upon both children as charged.

This trial anomaly acted to deny appellant a fair trial and the process that was due to him. This is fundamental error, and because the error is fundamental, we bypass any procedural default to address the substantive merits of the issue. The giving of this instruction was prejudicial error. The conviction is reversed.

 Next, we must determine whether the Double Jeopardy Clauses of the United States and Indiana Constitutions bar retrial of appellant for this charge. Generally, double jeopardy does not bar retrial in cases of reversal for trial error. *Warner v. State* (1991), Ind., 579 N.E.2d 1307. However, in this case, double jeopardy does bar retrial through collateral estoppel principles. Collateral estoppel in criminal trials is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments. *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. This collateral estoppel requires that when the State has received an adverse decision of a critical issue of fact in a trial, that adverse decision prevents later relitigation of the same issue in a later prosecution. *Harris v. Washington* (1971), 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212. The verdict, "not guilty of the crime of Battery against Brian Turney" resolved the factual issue against the State of whether Brian had been touched in a rude manner. Any retrial upon this charge would require relitigation of this same factual issue. Therefore, double jeopardy forecloses retrial upon this indictment.

The judgment is reversed and the trial court is instructed to discharge the defendant.

DICKSON, J., concurs.

SHEPARD, C.J., concurs with separate opinion, in which DICKSON, J., concurs. GIVAN, J., agrees that appellant may be retried.

GIVAN, J., dissents with separate opinion.

SULLIVAN, J., dissents with separate opinion.

SHEPARD, Chief Justice, concurring.

I join in the Court's opinion, including the declaration that the Double Jeopardy Clause prevents a second trial on "this charge," namely, the charge that Townsend committed battery on both children. I do not regard this declaration as a decision concerning the possibility of retrial on a new information charging battery on Sky Turner.

DICKSON, J., joins in this concurrence.

GIVAN, J., agrees that appellant may be retried.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion. In the first place, the opinion of the Court of Appeals, reported at 616 N.E.2d 47, is correct. In the case at bar, the charging information was defective in that it was duplicitous. However, as pointed out by the Court of Appeals and the majority opinion, the faulty information was not challenged by a motion to dismiss by appellant. Had such a motion been made, the trial court would have been correct in dismissing the charge or in sustaining a motion to quash the information. If such a motion had been sustained, the State would have had the ability to recharge appellant by information which did not violate the statute for duplicity. *State v. Taylor* (1956), 235 Ind. 632, 137 N.E.2d 537. The *Taylor* case does not stand alone for this proposition. This is an oft-repeated statement by this Court. *See also State v. Carrier* (1955), 235 Ind. 456, 134 N.E.2d 688.

I further would observe that the majority opinion's final statement that "the trial court is instructed to discharge the defendant" is erroneous to the extent it precludes a retrial. Under the present situation, the State should

be free to proceed against appellant in a proper fashion.

The issue of duplicity having been waived there was no error in going to trial on the information and as in all situations where there are two named victims, there is no error where the defendant is convicted as to one victim and acquitted as to the other. Evidence may cure a defect in an information. *Helwig v. State* (1958), 238 Ind. 559, 153 N.E.2d 437. Here the jury was convinced the evidence showed appellant to be guilty of molesting one child but not the other. The instructions when taken as a whole clearly permitted this result.

The majority opinion's discussion of double jeopardy is misplaced.

SULLIVAN, Justice, dissenting.

I respectfully dissent from the majority's opinion but do so on grounds different from Justice Givan. In my view, Judge Sullivan, in his concurring opinion in the Court of Appeals in this case, *Townsend v. State* (1993), Ind.App., 616 N.E.2d 47, 50, properly analyzes the issue. Because the jury only convicted Townsend of one battery, the defendant was not prejudiced by the duplicitous indictment.