ATTORNEY FOR APPELLANT
Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 52S02-0412-CR-510

HERSHEL HAMMON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

On Remand from the Supreme Court of the United States
No. 05-5705

**September 7, 2006**

**Boehm, Justice.**

The facts of this case are recited in the opinions of the Supreme Court of the United States, Davis v. Washington, 126 S. Ct. 2266 (2006), and this Court, State v. Crawford, 829 N.E.2d 444 (Ind. 2005). The Supreme Court of the United States has remanded this case to us for further disposition. The final sentence of the majority opinion of that Court states:

> We have determined that, absent a determination of forfeiture by wrongdoing, the Sixth Amendment operates to exclude Amy Hammon's affidavit. The Indiana courts may (if they are asked) determine on remand whether such a claim of forfeiture is properly raised and, if so, whether it is meritorious.

Davis, 126 S. Ct. at 2280.

We held that Amy's affidavit was barred by the Sixth Amendment but that the testimony of the officers who responded to a report of domestic disturbance at the Hammon home was admissible, even though it recounted statements made to the officers by Amy Hammon. We believe that <u>Davis</u> compels exclusion of an officer's testimony as well to the extent the officer testifies to statements made to the officer at the Hammon home by Amy or any other person who did not testify at trial.

Because this case is reversed for admission of evidence in violation of the Sixth Amendment, it may be retried. See <u>Lockhart v. Nelson</u>, 488 U.S. 33, 38 (1988); <u>Townsend v. State</u>, 632 N.E.2d 727, 731 (Ind. 1994). If the case is retried, it will be a matter for the trial court to resolve in the first instance any issue that may arise as to whether evidence otherwise excluded by the Sixth Amendment may nevertheless be admitted under the doctrine of forfeiture explained by the Supreme Court at 126 S. Ct. at 2280.

The judgment of the trial court is reversed. This case is remanded to the trial court.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.