## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 21 2016, 7:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric A. Bail,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 21, 2016

Court of Appeals Case No.
20A05-1503-CR-94

Appeal from the Elkhart Circuit Court

The Honorable Terry C. Shewmaker, Judge

Trial Court Cause No.
20C01-1307-CM-1109

**Pyle, Judge.**

# Statement of the Case

Eric A. Bail ("Bail") appeals, following a bench trial, his conviction for Class A misdemeanor operating a vehicle while intoxicated ("OVWI").[1] Bail was also charged with and found guilty of Class A misdemeanor operating a vehicle with an alcohol concentration equivalent to at least 0.15 grams of alcohol per 210 liters of breath,[2] but the trial court did not enter judgment of conviction on this charge. Bail argues that: (1) the trial court abused its discretion by admitting evidence that had been obtained following his arrest (including the results of his field sobriety tests and chemical tests and an officer's post-arrest observations of him); and (2) the remaining evidence was insufficient to support his OVWI conviction. We conclude that: (1) Bail's first argument is waived because he did not make a contemporaneous objection to the admission of the challenged evidence and that, waiver notwithstanding, his argument is moot because the trial court specified that it did not use this challenged evidence to support his OVWI conviction; and (2) the evidence is sufficient to support his OVWI conviction. Accordingly, we affirm.

We affirm.

# Issues

1. Whether the trial court abused its discretion by admitting evidence that had been obtained following Bail's arrest.

---

[1] IND. CODE § 9-30-5-2(b).

[2] I.C. § 9-30-5-1(b)(2).

2. Whether sufficient evidence supports Bail's OVWI conviction.

# Facts

On September 23, 2011, around 10:45 p.m., Elkhart City Police Department officers—Sergeant Carl Miller ("Sergeant Miller"), Corporal Christopher Faigh ("Corporal Faigh"), and Corporal Jim Wrathell ("Corporal Wrathell")—were dispatched to the Between the Buns restaurant in Elkhart County. These officers, who were working in the anti-crime unit, were not wearing police uniforms and were driving in unmarked cars. They did, however, have their police badges hanging on lanyards outside their shirts. After arriving at the restaurant, Sergeant Miller talked to an employee, who informed him that two groups of people had been arguing in the restaurant and that she had asked one of the groups to leave. This group, which included Bail, Eric Walker ("Walker"), Nicole Smith ("Smith"), and Paige Johnson ("Johnson"), was standing in the parking lot.

When Sergeant Miller approached Bail, he noticed that Bail was talking "very loudly" and that he had bloodshot, glassy eyes, an unsteady balance, and a "strong odor of alcohol emitting from his breath." (Tr. 154). The officers also observed the three other individuals had these same or similar signs of intoxication. Sergeant Miller felt that "none of the four were able to drive in a safe manner[,]" and he instructed them to call a sober driver to pick them up. (Tr. 155). Bail and the three others "agreed to that" and did not dispute the officer's determination that they were too intoxicated to drive. (Tr. 156). Bail

and Johnson then went to wait in Bail's car while Walker and Smith went to wait in Walker's truck.

[5]     Meanwhile, Sergeant Miller and Corporal Faigh returned to their car and parked in a nearby parking lot to make sure that Bail and Walker did not drive away from the scene. Corporal Wrathell, who was in another vehicle, then saw Walker's truck, and what he believed to be Bail's car, drive away from the restaurant parking lot. Sergeant Miller began to follow Bail's and Walker's vehicles and called dispatch to "advise[] them to send a marked squad car to [his] location for a traffic stop." (Tr. 160). Thereafter, Sergeant Miller observed Bail strike the curb when making a turn, and he saw that Bail failed to signal within 200 feet of making the turn. The sergeant also saw Walker make the same turn and drive over the curb. Bail turned into a Red Lobster parking lot, and Walker turned into the adjacent Texas Roadhouse parking lot.

[6]     Bail stopped his car near one of the entrances of the Red Lobster parking lot, and Sergeant Miller drove his car into that entrance and stopped his car by Bail's car. The sergeant then got out of his car, walked toward Bail's car to talk to him through his open window, and told Bail to turn off and exit his car. Sergeant Miller then "placed [Bail] in handcuffs and advised him that he was not supposed to be driving[.]" (Tr. 164). Around that time, Corporal Jason Tripp ("Corporal Tripp"), who was responding to the dispatch for a uniformed police officer, arrived at the scene. Sergeant Miller and Corporal Faigh waived Corporal Tripp on to the adjacent Texas Roadhouse parking lot where Corporal Wrathell had stopped with Walker. Thereafter, Sergeant Miller removed the

handcuffs from Bail and administered several field sobriety tests, which Bail failed. The sergeant then advised Bail of the Implied Consent Law, and Bail agreed to take a chemical test. Corporal Tripp transported Bail to the police station where Officer Greg Szabo ("Officer Szabo") administered the chemical test to Bail. The results of the chemical test revealed that Bail had a BAC of 0.16.

[7]    The State charged Bail with Class A misdemeanor OVWI in the Elkhart City Court ("City Court"). On April 18, 2013, the City Court held a trial, found Bail guilty, entered judgment, and imposed a 365-day suspended sentence. Bail then filed a request for a trial de novo, and the case was transferred to the Elkhart Circuit Court ("Circuit Court"). Shortly thereafter, in August 2013, the State filed a charging information in Circuit Court and charged Bail with: Count I, Class A misdemeanor OVWI; and Count II, Class A misdemeanor operating a vehicle with an alcohol concentration equivalent to at least 0.15 grams of alcohol per 210 liters of breath.

[8]    In October 2013, Bail filed a motion to suppress, apparently seeking to suppress the results of his field sobriety tests and chemical test and arguing that his arrest violated INDIANA CODE § 9-30-2-2 because Sergeant Miller had not been in either a police uniform or a marked police vehicle when he arrested him.[3]

---

[3] Bail did not include a copy of his motion to suppress in his Appellant's Appendix.

Following a hearing, the trial court issued a four-page written order and denied Bail's motion to suppress. The trial court reasoned, in part, that:

> The police officers properly contacted defendant Bail in person on police business minutes before he apparently committed an offense of operating a vehicle while intoxicated. The officers formed an opinion that Bail was intoxicated based on this initial and permissible contact. The act of driving a short time later, by the language of the statute and decided case law, brings the limitation of IC [§] 9-30-2-2 into question. The action of [O]fficer Miller in commanding Bail to shut of[f] his vehicle effected an arrest of Bail . . . The only alleged offenses are defined under Title 9. However, Officer Miller had clear evidence that Bail was intoxicated, then personally observed Bail commit acts presenting danger to himself, his passenger, and others on the roadway. These acts may have been charged as public intoxication and criminal recklessness, not governed by Title 9 of the Indiana Code. The officers responded to a criminal call[] and arrested Bail for criminal acts committed in their presence" and that IC [§] 9-30-2-2 d[id] not prohibit the arrest[.]"

(App. 46-47).

[9] The trial court held a bench trial on December 11, 2014. During Sergeant Miller's direct examination, he testified that Bail had failed the various field sobriety tests that he had administered. Thereafter, Bail objected to this evidence, arguing that his arrest was not legal under INDIANA CODE § 9-30-2-2.[4] The State responded that Bail had waived his objection because it was

---

[4] Bail also generally argued that his "Indiana rights through the constitution were violated as well as the U.S. Constitution[.]" (Tr. 178).

untimely.  The State also argued that the trial court's ruling from the motion to suppress was applicable.  The trial court did not comment at that time on the State's waiver response and merely overruled the objection.  Bail later cross-examined Sergeant Miller about Bail's field sobriety test results and the reliability of such tests.

[10]  When the State asked Sergeant Miller if he was aware of the results of Bail's chemical test, Bail objected based on hearsay and not based on INDIANA CODE § 9-30-2-2.  The State withdrew the question and asked the sergeant what he did after Bail had completed the chemical test.  Sergeant Miller then testified that he saw that the printed ticket from the Datamaster machine indicated that Bail had a 0.16 BAC and that he then took Bail to the booking center.  Bail did not object to this testimony, nor did he move to strike it from the record.

[11]  Next, during Corporal Faigh's direct examination, he testified that when the officers were in the Red Lobster parking lot with Bail, he was watching Bail's passenger and that he did not really observe anything about Bail.  Nevertheless, the State asked the corporal if he had made any observations of Bail after Bail had completed his field sobriety tests.  Bail objected to the corporal's potential testimony, asserting that it should be excluded because Bail's arrest did not comply with INDIANA CODE § 9-30-2-2.  Before ruling on Bail's objection to the question posed to Corporal Faigh, the trial court "not[ed]" and discussed the State's previous argument about Bail waiving his objection to Sergeant Miller's testimony.  Specifically, the trial court stated that "the State's got a nice procedural point on the waiver" because there were a "goodly handful of

questions asked and answered prior to the objection being interposed[.]" (Tr. 240, 241). The trial court stated that the waiver argument was "correct" as to the sergeant's testimony that occurred before Bail's objection. (Tr. 242). The trial court then overruled Bail's objection to the question posed to Corporal Faigh, and the corporal testified that he did not make any observations of Bail during the investigation in the Red Lobster parking lot.

[12] During Officer Szabo's direct examination, he testified that Bail's BAC was 0.16, and Bail did not object to this testimony. When the State moved to introduce State's Exhibit 5, the printout ticket from the chemical test, Bail objected based on hearsay and the best evidence rule and not based on INDIANA CODE § 9-30-2-2. The trial court overruled the objection and admitted the evidence.

[13] The trial court found Bail guilty of both charges. The trial court entered the following order, specifying what evidence it had used to find Bail guilty of each offense:

> The defendant is found guilty on operating a vehicle while intoxicated in a manner that endangered a person. The finding is based on all the evidence, but specifically is proven beyond a reasonable doubt up to the point in the evidence where the defendant had driven to the parking lot of Red Lobster, but before the officer stepped out of his vehicle to continue the transaction.
>
> The defendant is found guilty on operating a vehicle with breath-alcohol content of .15 percent or more. This evidence necessarily includes evidence after the point of arrest at the Red Lobster

parking lot. It remains the view of this court that the evidence developed after the moment the defendant was told to turn off the car and step out, should not be excluded pursuant to IC [§] 9-30-2-2. The ruling on the motion to suppress is unchanged.

(App. 34). The trial court, however, did not enter a judgment of conviction on Count II. For Bail's Class A misdemeanor OVWI conviction, the trial court imposed a 365 day sentence with 363 days suspended to probation. Bail now appeals.

After Bail filed his Appellant's Brief, the State filed a motion to dismiss the appeal. Specifically, the State argued that the only appellate error raised by Bail pertained to the Count II charge that did not result in a judgment of conviction and that, therefore, Bail's claim of error was moot. The State's motion was held in abeyance for a decision by this writing panel. Because Bail's appeal also involves a challenge to his OVWI conviction in Count I, we deny the State's motion to dismiss and issue a separate order contemporaneously with this opinion.

# Decision

Bail argues that: (1) the trial court abused its discretion by admitting evidence that had been obtained after his arrest; and (2) the remaining evidence was insufficient to support his OVWI conviction. We will address each argument in turn.

## 1. Admission of Evidence

[16] Before addressing Bail's evidentiary argument, we note that the admission and exclusion of evidence falls within the sound discretion of the trial court, and we review the admission of evidence only for an abuse of discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012), *reh'g denied*.

[17] Bail argues that the trial court abused its discretion by admitting evidence that followed his arrest, including evidence of the results of his field sobriety tests and chemical tests and Sergeant Miller's post-arrest observations of him because his arrest did not comply with INDIANA CODE § 9-30-2-2. The State, on the other hand, renews its mootness argument raised in its prior motion to dismiss. Specifically, the State asserts that "[b]ecause Bail's claim of evidentiary error does not relate to his conviction, but only affects an additionally charged count for which there was no conviction or sentence, this appeal is moot." (State's Br. 12). Alternatively, the State argues that the trial court's evidentiary ruling was not erroneous and that the admission of the challenged evidence was harmless error.

[18] While the parties have presented specific arguments regarding whether or not there was any error in the admission of the evidence based on the application of INDIANA CODE § 9-30-2-2, we need not address these arguments because Bail did not make a contemporaneous objection when the now-challenged evidence was offered and admitted at trial.

[19] The record reveals that Sergeant Miller testified that Bail had failed the field sobriety tests, but Bail did not object to this specific testimony until *after* the testimony had already been given. The State argued that he waived the objection based on his untimely objection, and the trial court ultimately agreed with that argument. Furthermore, in regard to Bail's chemical test results, Bail either did not object to the relevant evidence or did not object based on the same basis of INDIANA CODE § 9-30-2-2 that he now attempts raises on appeal. Specifically, he did not object when the State presented testimony from Officer Szabo regarding his chemical test results, and he objected to State's Exhibit 5 (the chemical test results ticket) based on hearsay and the best evidence rule. Accordingly, Bail has waived review of this evidentiary issue on appeal. *See Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (holding that a defendant's failure to lodge a contemporaneous objection at the time evidence is introduced at trial results in waiver of the error on appeal), *reh'g denied*; *Hart v. State*, 578 N.E.2d 336, 337 (Ind. 1991) (holding that "a party may not object to the admission of evidence on one basis at trial and for a different reason on appeal). *See also Stephenson v. State*, 29 N.E.3d 111, 118 (Ind. 2015) (explaining that the failure to timely object to the admission of evidence will "procedurally foreclose" the error on appeal); *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000) ("The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal."); *Tinnin v. State*, 416 N.E.2d 116, 118 (Ind. 1981) (explaining that a defendant "must make his objection to a question before the answer is given in order to preserve the issue for appeal").

[20] Waiver notwithstanding, we agree with the State's argument that Bail's evidentiary challenge is moot. "The long-standing rule in Indiana has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). When a dispositive issue in a case has been resolved in such a way as to "'render it unnecessary to decide the question involved,' the case will be dismissed." *Id.* (quoting *Dunn v. State ex rel. Eakin*, 163 Ind. 317, 321, 71 N.E. 890, 894 (1904)). "The existence of an actual controversy is an essential requisite to appellate jurisdiction." *DeSalle v. Gentry*, 818 N.E.2d 40, 49 (Ind. Ct. App. 2004).

[21] Even if Bail had made a contemporaneous objection to the challenged evidence that mirrored his appellate challenge and we were to consider his argument that the trial court erred by admitting evidence that was obtained after he had been arrested, such an argument would have been rendered moot by the trial court's order and specific finding that explained that it did not consider the challenged evidence when finding Bail guilty of the OVWI charge in Count I. Because the challenged evidence was considered only in regard to the Count II charge for which no judgment of conviction was entered, his evidentiary challenge is moot. Furthermore, because Bail's argument does not meet the public interest exception to mootness, we will not address his waived appellate claim.[5]

---

[5] "[A]lthough moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits . . . when the case involves questions of 'great public interest.'" *Matter of Lawrance*, 579 N.E.2d at 37. "Cases found to fall within the public interest exception typically contain issues likely to recur." *Id.* Additionally, we need not address Bail's waived and moot evidentiary challenge because any

## 2. Sufficiency of the Evidence

Bail argues that the evidence was insufficient to support his Class A misdemeanor OVWI conviction.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the [jury's verdict]. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

To convict Bail of Class A misdemeanor OVWI as charged, the State was required to prove beyond a reasonable doubt that Bail operated a vehicle while intoxicated in a manner that endangered a person. *See* I.C. § 9-30-5-2(b).

---

error that may have possibly occurred in the admission of the challenged evidence would constitute harmless error. *See* Ind. Appellate Rule 66(A) (addressing harmless error).

"Intoxicated" means being "under the influence of . . . alcohol. . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9-13-2-86(1). "'Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech.'" *Matlock v. State*, 944 N.E.2d 936, 941 (Ind. Ct. App. 2011) (quoting *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*). "Proof of a person's blood alcohol content is not required to establish intoxication." *Id.*

[24] Bail argues that the evidence was insufficient to show that he was "impaired" when operating his vehicle. (Bail's Br. 7). Bail does not argue that there was insufficient evidence of endangerment caused by his intoxication.

[25] Here, there is no dispute that Bail was driving a vehicle. Indeed, Bail testified on his own behalf and admitted that he drove that night. There was also sufficient evidence that Bail was intoxicated when he drove his car. Sergeant Miller and Corporal Faigh testified about their observations of Bail made at the restaurant where they were dispatched and first encountered Bail. Specifically, they testified that Bail had bloodshot eyes, unsteady balance, and an odor of alcohol coming from his breath and that these signs were consistent with signs of intoxication. Additionally, Bail's passenger testified that Bail had consumed at least one alcoholic drink that night. The officers also testified that, within

minutes of observing Bail and instructing him to get a rider from a sober driver, Bail drove car and struck a curb when trying to make a turn.

[26] Bail's argument is nothing more than an invitation for this Court to reweigh the evidence and judge the credibility of the witness, which we decline to do. *See Drane*, 867 N.E.2d at 146. Because there is probative evidence from which the trial court, as trier of fact, could have found Bail guilty beyond a reasonable doubt of Class A misdemeanor OVWI, we affirm his conviction.

[27] Affirmed.

Baker, J., and Bradford, J., concur.