## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 26 2016, 9:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Jeffrey B. Buskirk
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey B. Buskirk, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | September 26, 2016 <br><br> Court of Appeals Case No. <br> 55A01-1602-CR-271 <br><br> Appeal from the Morgan Superior Court <br><br> The Honorable Jack A. Tandy, Special Judge <br><br> Trial Court Cause No. <br> 55D02-9702-CF-43 |

**Bradford, Judge.**

## Case Summary

[1] In early 1998, Appellant-Petitioner Jeffrey B. Buskirk pled guilty to the murder of his step-mother. Buskirk was subsequently sentenced to a sixty-year term of imprisonment. On August 24, 2015, Buskirk filed a petition seeking a modification of his sentence. Appellee-Respondent the State of Indiana (the "State") filed a written response in opposition to Buskirk's petition on November 2, 2015. The State reiterated that it opposed Buskirk's petition during the December 29, 2015 hearing held in connection to Buskirk's petition. The trial court denied Buskirk's petition in a written order dated January 13, 2016.

[2] On appeal, Buskirk contends that the trial court abused its discretion in denying his petition for modification of his sentence. Buskirk also contends that the deputy prosecuting attorney assigned to his case committed prosecutorial misconduct. Concluding that Buskirk has failed to prove either that the trial court abused its discretion in denying his petition or that the deputy prosecuting attorney committed prosecutorial misconduct, we affirm.

## Facts and Procedural History

[3] On January 26, 1998, Buskirk pled guilty to murdering his step-mother. Buskirk was eighteen years old at the time he committed the murder. On March 6, 1998, Buskirk was sentenced to a sixty-year term of incarceration.

Buskirk filed a petition for a modification of his sentence on August 25, 2015.[1] The State filed a written response in opposition to Buskirk's petition on November 2, 2015. The trial court conducted a hearing on Buskirk's petition on December 29, 2015. During this hearing, the State reiterated that it was opposed to any sentence modification. On January 13, 2016, the trial court issued an order denying Buskirk's petition for a modification of his sentence. This appeal follows.

# Discussion and Decision

## I. Denial of Buskirk's Petition for Sentence Modification

Buskirk contends that the trial court abused its discretion in denying his petition for a modification of his sentence. A trial court's decision regarding a petition for a modification of a sentence is reviewed for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

Buskirk claims that the State's objection to his petition for a sentence modification was untimely because it was not filed within twenty days of his

---

[1] This was the second petition for a sentence modification filed by Buskirk. The first petition was filed by Buskirk and denied by the trial court in 2012.

petition. Buskirk relies on Indiana Rule of Trial Procedure 12(B). Trial Rule 12(B) provides that any defense to a claim raised in any *pleading* should be filed "within twenty (20) days after service of the prior pleading[.]" The time limitation set forth in Trial Rule 12(B) explicitly refers to the time allowed for raising defenses to claims raised in pleadings. Trial Rule 7 provides that the pleadings shall consist of: "(1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and (5) a third-party answer." Trial Rule 7 further provides that, unless made during a hearing or trial, all other requests of the court shall be made by written motion. "The motion shall state the grounds therefor and the relief or order sought." T.R. 7. As it does not qualify as any of the types of pleadings specified by Trial Rule 7, a request for a sentence modification qualifies as a motion before the trial court, not a pleading.

[7] Indiana Code section 35-38-1-17 outlines when an incarcerated individual can request a sentence modification. The version of the statute that was in effect at the time that Buskirk committed the murder of his step-mother, pled guilty, and was sentenced provides that when a convicted person waits more than 365 days after beginning to serve their sentence, any modification of the individual's sentence may only be made "subject to the approval of the prosecuting attorney." Ind. Code § 35-38-1-17(b) (1996). In addition, the version of Indiana Code section 35-38-1-17 which was in effect when Buskirk filed his

petition also requires consent from the prosecuting attorney.[2] Neither version of Indiana Code section 35-38-1-17 provides any time limitation in which a prosecuting attorney must file his or her consent or objection to such a request.

[8] In early 1998, Buskirk pled guilty to and was convicted of the murder of his step-mother. On March 6, 1998, the trial court sentenced Buskirk to a sixty-year term of incarceration. Buskirk filed his petition requesting a modification of his sentence on August 24, 2015. Because Buskirk's request was filed more than 365 days after he was sentenced, Buskirk was required to obtain the prosecuting attorney's consent before he could receive any modification of his sentence. *See* Ind. Code § 35-38-1-17. On November 2, 2015, the prosecuting attorney filed a written objection to Buskirk's request for a modification of his sentence. The trial court conducted a hearing on Buskirk's request on December 29, 2015, at which time the prosecuting attorney reiterated his objection to Buskirk's request. Buskirk has failed to establish on appeal that the prosecuting attorney's objection to his request for a sentence modification was untimely. As such, we conclude that in light of the prosecuting attorney's objection to Buskirk's request, the trial court did not abuse its discretion in denying Buskirk's request for a modification of his sixty-year sentence.

---

[2] This version provides that when a violent criminal waits more than 365 days after being sentenced to file a request for a sentence modification, the individual "may not file a petition for sentence modification without the consent of the prosecuting attorney." Ind. Code § 35-38-1-17(k) (2015). The term "violent criminal" includes an individual convicted of the offense of murder. Ind. Code § 35-38-1-17(d).

# II. Prosecutorial Misconduct

Buskirk also contends that the deputy prosecuting attorney committed prosecutorial misconduct. Buskirk raises this contention for the first time on appeal. With regard to the appropriate standard of review for a claim of prosecutorial misconduct that is raised for the first time on appeal, the Indiana Supreme Court has held as follows:

> Our standard of review is different where a claim of prosecutorial misconduct has been procedurally defaulted for failure to properly raise the claim in the trial court, that is, *waived* for failure to *preserve* the claim of error. *Booher v. State*, 773 N.E.2d 814, 817-18 (Ind. 2002). The defendant must establish not only the grounds for prosecutorial misconduct but must also establish that the prosecutorial misconduct constituted fundamental error. *Id*. at 818. Fundamental error is an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to "make a fair trial impossible." *Benson v. State*, 762 N.E.2d 748, 756 (Ind.2002), quoted in [*Castillo v. State*, 974 N.E.2d 458, 468 Ind. 2012)] and [*Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006)]. In other words, to establish fundamental error, the defendant must show that, under the circumstances, the trial judge erred in not *sua sponte* raising the issue because alleged errors (a) "constitute clearly blatant violations of basic and elementary principles of due process" and (b) "present an undeniable and substantial potential for harm." *Id*. The element of such harm is not established by the fact of ultimate conviction but rather "depends upon whether [the defendant's] right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled." *Townsend v. State*, 632 N.E.2d 727, 730 (Ind. 1994) (quoting *Hart v. State*, 578 N.E.2d 336, 338 (Ind. 1991)). In evaluating the issue of fundamental

error, our task in this case is to look at the alleged misconduct in the context of all that happened and all relevant information … to determine whether the misconduct had such an undeniable and substantial effect … [such] that a fair trial was impossible. *See Boesch v. State*, 778 N.E.2d 1276, 1279 (Ind. 2002); *Townsend*, 632 N.E.2d at 730; *see, e.g., Castillo*, 974 N.E.2d at 469 n. 11 (noting closing arguments are perceived as partisan advocacy).

We stress that "[a] finding of fundamental error essentially means that the trial judge erred … by not acting when he or she should have…." *Whiting v. State*, 969 N.E.2d 24, 34 (Ind. 2012). Fundamental error is meant to permit appellate courts a means to correct the most egregious and blatant trial errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for defense counsel who ignorantly, carelessly, or strategically fail to preserve an error. *See Baer v. State*, 942 N.E.2d 80, 99 (Ind. 2011) (noting it is "highly unlikely" to prevail on a claim of fundamental error relating to prosecutorial misconduct); *Stevens v. State*, 691 N.E.2d 412, 420 n. 2 (Ind. 1997); *Wilson v. State*, 222 Ind. 63, 83, 51 N.E.2d 848, 856 (1943).

*Ryan v. State*, 9 N.E.3d 663, 667-68 (Ind. 2014) (emphases in original, footnotes omitted).

[10] Buskirk claims that the deputy prosecuting attorney committed prosecutorial misconduct by misleading Buskirk's father. Specifically, Buskirk argues that the deputy prosecuting attorney led his father to believe that he would consent to a sentence modification only to subsequently object to Buskirk's petition. The record, however, does not support Buskirk's claim.

[11] With regards to his conversations with the deputy prosecuting attorney prior to the hearing on Buskirk's petition, Buskirk's father testified as follows:

But it was my understanding with [the prosecuting attorney] and on the phone with [the deputy prosecuting attorney], they would at least agree with this hearing, at least let him present his own case. And that was something that I told them several times. I thought it was time for him. He deserved the chance to at least present to you to see if you think he's grown or not.

Tr. p. 47. Additionally, the following exchange took place between Buskirk's father and the deputy prosecuting attorney on cross-examination:

Q:     Okay. And you made some reference about that you thought that this hearing was consented to. That the prosecution has consented to this hearing today?

A:     Yes.

Q:     That was at least what you understood at the time, is that correct?

A:     Yes.… [B]ut basically, as I understood the law and what [the prosecuting attorney] and I talked about was if no .. if you guys didn't agree to some kind of a hearing to give the Judge a chance to hear the evidence, there's nothing can be done. And my understanding from talking to [the prosecuting attorney], and from you, and he kept referring me to you, continuously, call [the deputy prosecuting attorney] back. I always never knew for sure your status, so I didn't ever want to bother you, without [the prosecuting attorney] saying to do that. And so .. yes, I thought that was an agreement that you guys would finally let him have a hearing date, *not agree with anything, that that's not what you were doing at all*, but you'd at least let the Judge hear the evidence and see if the Judge felt like he might deserve a break or a lower case of the sentence.

Tr. pp. 54-55 (emphasis added). Buskirk's father further testified that

But, I don't think I recall specifically you said it was too early to have another hearing. Because if it had been .. if I had got that idea from our conversation, I would have tried to tell [Buskirk's mother] or anybody else, don't waste your money yet. And if I didn't pick that up with my brain injury, sometimes not everything would come through, and I would apologize if that was your intention on that conversation.

Tr. p. 56.

[12] The above-quoted testimony indicates that, at most, the deputy prosecuting attorney agreed to allow for a hearing on Buskirk's petition. The above-quoted testimony does not establish that the deputy prosecuting attorney agreed to a sentence modification or that Buskirk's father believed that the deputy prosecuting attorney had indicated that he would consent to a sentence modification. Because the record does not support Buskirk's claim that the deputy prosecuting attorney misled his father to believe that the deputy prosecuting attorney would consent to Buskirk's petition, we conclude that Buskirk has failed to establish fundamental error. We therefore further conclude that Buskirk has failed to prove that the deputy prosecuting attorney committed prosecutorial misconduct.[3]

---

[3] Furthermore, to the extent that Buskirk relies on his counsel's statement that he believed that "with the new laws that we felt that was an issue that was not an issue for objection," tr. p. 4, this statement seems to refer to changes in the law relating to sentence modifications that were briefly in effect and not to any agreement by the deputy prosecuting attorney that he would consent to the requested sentence modification. As it stands, the law that was in effect both at the time Buskirk committed the murder of his step-mother and at the time he filed the underlying petition for a sentence modification required consent of the prosecuting attorney before any request for a sentence modification may be granted.

# Conclusion

[13] In sum, we conclude that the trial court did not abuse its discretion in denying Buskirk's petition for a sentence modification. We also conclude that Buskirk has failed to prove that the deputy prosecuting attorney committed prosecutorial misconduct. As such, we affirm the judgment of the trial court.

[14] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.